# Exhibit 1

| From: | David Bouchard |
|---|---|
| To: | Will Story |
| Subject: | Follow up re AG and GW Litigation against United Inn |
| Date: | Wednesday, June 15, 2022 12:17:00 PM |
| Attachments: | image001.png |
| | 2022 - 06 - 15. Search Terms.xlsx |

Good morning, Will.

I hope you're doing well.

I received your client's written discovery requests in AG's and GW's respective cases.  A few points:

1.  We will provide dates for the depositions of AG and GW in August.

2.  The Court has said in a couple orders that "[d]iscovery will commence thirty days after Defendant files its answer."  For example, in Alyssa's case that language appears in orders at docket entries 21 and 39.  LR 26.2A says the same thing.  Given your client filed its answers in AG and GW's respective cases on 6/7/22, "[d]iscovery will commence thirty days after Defendant filed its answer" on 6/7/22, which is 7/7/22.  In short, we read the Court's orders to say that discovery does not "commence" until 7/7/22.  We wouldn't have any issue beginning discovery earlier than 7/7/22, but we want to comply with the Court's orders unless and until they're clarified.  As such, we're treating your discovery as served on 7/7/22, meaning that AG's and GW's respective responses to your client's written discovery requests are not due until 30 days after 7/7/22.  AG and GW will serve their written discovery requests on your client on 7/7/22.  If you have any issue with or objection to any of the foregoing, or want to discuss it further, please let me know.

3.  The Court's standing order on civil litigation contemplates "detailed" scheduling orders.  Right now, we don't have a detailed order.  For the sake of efficiency and economy, we'd favor having a more "detailed" order that distinguishes between fact discovery and expert discovery with disclosure of expert reports and expert depositions to occur *after* the fact discovery deadline.  Are you amenable to that?  If so, we can propose some dates that would be part of a more detailed order.  If we did that, it would push back the MSJ deadline.  Likewise, we'd like to add a date within the fact discovery period by which the parties agree to substantially complete production of written, document, and ESI discovery.

4.  ESI Searches

    a.  Terms: In order to avoid delay later, I think it makes sense for us to agree on search terms to use on ESI.  To get the ball rolling, please see the attached list.  In past TVPA cases, we have used some version of the attached set of search terms on ESI.  I realize you have not seen our requests for production because discovery is not yet open, but I can represent to you that our requests for production will encompass responsive documents hitting on the items in this search terms list.  Please let me know your thoughts on the attached terms.  After working on a lot of high-volume ESI cases at Jones Day, I know from firsthand experience that it's hard to talk about whether search

terms are reasonable in the abstract.  A hit report from an e-discovery vendor showing how many hits each individual search term generates really focuses the discussion on which terms are problematic or overbroad based on the data set at issue.  I'm more than happy to work on narrowing overbroad terms, if that proves necessary.  We don't have any interest in getting inundated with unresponsive discovery materials.  All to say, can you please take a look at the attached, let me know your thoughts on the terms, and let me know your thoughts on getting a hit report from an e-discovery vendor so we can begin the process of agreeing upon the terms?

    b.  Custodians: At a minimum, any corporate/entity email addresses used to discuss hotel business should be searched.  If there are other email addresses used for hotel business, those should be searched too.  In other cases involving single-location hotels, we've seen hotel owners and managers use personal email accounts to email about hotel business.  I'm not sure if that happened at the United Inn or not, but I know you can find that out.  If it did, those emails would be subject to ESI searches too.

Thanks, Will.

Best regards,

David

**David Bouchard** ([Bio](#))
*Partner*



225 Peachtree Street, N.E., Suite 1700 South Tower
Atlanta, Georgia 30303 **|** T: (404) 658-9070
[david@finchmccranie.com](mailto:david@finchmccranie.com)

---

**From:** Will Story <WStory@hallboothsmith.com>
**Sent:** Monday, June 13, 2022 4:45 PM
**To:** Richard Hendrix <rhendrix@finchmccranie.com>; Carl Lietz <carl@finchmccranie.com>; David Bouchard <david@finchmccranie.com>; jtonge@atclawfirm.com; pmcdonough@atclawfirm.com
**Cc:** Karen Clarke <KClarke@hallboothsmith.com>; Don B. Brown <DBrown@hallboothsmith.com>; Sharon Veillette <SVeillette@hallboothsmith.com>
**Subject:** A.G. v. Northbrook Industries, Inc. d/b/a United Inn and Suites - Defendant's Discovery Requests [IWOV-imanage.FID1082954]

Good afternoon,

Please see attached above Defendant's first discovery requests to Plaintiff.

Additionally, please provides dates of availability in August for A.G.'s deposition. Thank you.

**Will Story**

Attorney at Law | Hall Booth Smith, P.C.

**O:** 404.954.5000
**D:** 404.954.5008

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
hallboothsmith.com



**ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA
MONTANA | NEW JERSEY | NEW YORK | OKLAHOMA
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE**

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy the original message and any copies.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.