Exhibit 32

**Plaintiff's Attorneys' Fees Resulting from Defendant's Discovery Negligence**

| Task | Amount of Time | Rate ($650/hour) |
|---|---|---|
| Drafted and sent emails to Defendant's counsel re Defendant's discovery negligence; reviewed and responded to Defendant's counsel's emails re the same; participated in various phone calls regarding same. | 3.0* | |
| Drafted and served supplemental discovery requests in February 2023 necessitated by Defendant's negligence in responding to Plaintiff's July 2022 requests. | 1.0 | |
| Drafted motion for discovery extension and corresponding proposed order resulting from Defendant's discovery negligence and conferred with Defendant's counsel re same. **[Doc. 62, Doc. 62-1]** | 1.0 | |
| Prepared for and re-opened depositions of Defendant's 30(b)(6) representative, owner, and manager on May 2, 2023, following Defendant's April 20, 2023 production of 3,500 pages, including the hottest in the case. **[Deposition preparation included re-reviewing Defendant's earlier depositions, document production, and discovery responses, which materially conflicted with Defendant's late production and responses on key issues.]** | 5.0* | |
| Drafted and sent communications to Court regarding discovery dispute. Drafted discovery dispute statement and conferred with opposing counsel regarding same before submitting final statement to Court. **[Docs. 70, 70-1, 70-2]** | 3.0* | |
| Prepared for and participated in telephonic conference with Court re discovery dispute statement. **[Doc. 76]** | 3.0 | |
| Drafted and filed motion for sanctions and memorandum in support. | 12.0 *[Exclusive of any time to be spent on reply brief]* | |
| | 28 | $18,200 |

\*Plaintiff's counsel is litigating a related case against United Inn & Suites (*J.G. v. United Inn*, Case No. 1:20-cv-05233-SEG). That case involves a substantially similar discovery dispute, and Plaintiff J.G. has filed a motion for sanctions. To avoid recovering attorneys' fees for the same work multiple times, Plaintiff has identified certain tasks that applied to all three cases and divided by 1/3. Even in the absence of a \*, Plaintiff's counsel's time is discounted to reflect work performed in Plaintiff J.G.'s case that was re-used here. For example, Plaintiff's counsel spent far more than the 11 hours reflected above preparing the motion for sanctions in this case but split his time on the motion for sanctions between A.G.'s and G.W.'s cases (24 hours total), and, where possible, incorporated work and research performed for the J.G. motion for sanctions. The total time <u>only</u> reflects hours worked because of Defendant's discovery negligence by the primary lawyer on the case, David Bouchard. Total time does <u>not</u> include associate time or administrative staff time.

**Plaintiff's Expenses Resulting from Defendant's Discovery Negligence**

| | | |
|---|---|---|
| Hired court reporter and videographer for re-opened depositions on May 2, 2023 | N/A | $1,025.16* |

    *Total cost of transcripts ($1,975.50) and videos ($1,100.00) was $3,075.50.  To avoid recovering for the same expenses multiple times in the three related cases against United Inn, Plaintiff has divided the expenses by 1/3.

## AFFIDAVIT OF DAVID H. BOUCHARD

I, David H. Bouchard, swear that the information set forth in the following paragraphs is true and correct:

1. My name is David H. Bouchard. I am a member in good standing of the Georgia Bar. My bar number is 712859.

2. I am a partner at Finch McCranie, LLP, located at 229 Peachtree St. NE, Suite 2500, Atlanta, GA 30030. Before joining Finch McCranie, LLP, I worked as a lawyer at Jones Day for eight years.

3. I am lead counsel for Plaintiff in the matter *AG v. Northbrook Industries Inc., d/b/a United Inn and Suites*, No. 1:20-cv-05231-JPB and *GW v. Northbrook Industries Inc., d/b/a United Inn and Suites*, No. 1:20-cv-05232-JPB.

4. I prepared the attached chart entitled, "Plaintiffs' Attorneys' Fees Resulting from Defendant's Discovery Negligence," after reviewing and compiling the time I devoted to the tasks enumerated in the chart.

5. The attached chart is a true and correct statement of the time I devoted to addressing and litigating Defendant's discovery negligence up to and including the filing of Plaintiff's motion for sanctions and memorandum in support. The attached chart does not include any time to be spent on a reply brief in support of Plaintiff's motion.

6. I am lead counsel in a related case against United Inn & Suites (*J.G. v. United Inn*, Case No. 1:20-cv-05233-SEG). That case involves a substantially similar discovery dispute, and Plaintiff in that case has filed a motion for sanctions.

7. Some of the work set forth in the attached chart was to address Defendant's discovery negligence in the *J.G.* matter and in the related *A.G.* and *G.W.* matters. To avoid recovering attorneys' fees for the same work multiple times, I have identified certain tasks that applied to all three cases and divided by 1/3, as indicated in the attached chart.

8. The hourly rate reflected in the attached chart is $650. I have charged a range of rates in my career as a lawyer at Jones Day and at Finch McCranie, LLP working on a variety of matters, including business litigation, tort litigation, and federal criminal litigation. Considering the range of rates I have charged on those matters, as well as the market rates for a lawyer with my experience, the $650 rate in the chart is a modest and reasonable rate. I have been and am involved with now other matters where my rate is materially higher.

9. The attached chart does <u>not</u> account for significant time devoted by another Firm lawyer and a Firm administrative support person to addressing and litigating Defendant's discovery negligence.

10. The fees set forth in the attached chart are reasonable and they fairly and accurately reflect the time I spent working to address and litigate Defendant's discovery negligence up to and including filing the motion for sanctions and the memorandum in support.

11. I also prepared the attached chart entitled, "Plaintiff's Expenses Resulting from Defendant's Discovery Negligence." The expenses set forth in that chart are true and correct, after being divided by 1/3 for the reasons explained above. Further, the expenses are reasonable because they reflect the costs incurred after re-hiring a court reporter and a videographer as a result of Defendant's discovery negligence.

FURTHER AFFIANT SAYETH NOT:

David H. Bouchard

Sworn and signed before me
This 12th day of December, 2023

Notary Public

(affix seal)

L Melissa Millen
NOTARY PUBLIC
DeKalb County, GEORGIA
My Commission Expires 10/19/2027

Page **2** of **2**