## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **G.W.,** | : | |
| | : | |
| | : | |
| | : | **CIVIL ACTION FILE** |
| **vs.** | : | |
| | : | **NO. 1:20-cv-05232-JPB** |
| **NORTHBROOK INDUSTRIES,** | : | |
| **INC., D/B/A UNITED INN AND** | : | |
| **SUITES,** | : | |
| | : | |
| **Defendant.** | : | |

### G.W.'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF G.W.'S RESPONSE IN OPPOSITION TO UNITED INN'S MOTION FOR SUMMARY JUDGMENT

1.  From June 23 - June 26, 2017, A.G. and G.W., two 17-year-old girls, were sex trafficked together in the same room at United Inn. Ex. 1, A.G. Dep. at 14:23-24, 28:17-21, 73:1-8, 99:21-24; Ex. 2, G.W. Dep. at 14:12-13, 21:15-19, 76:13-17, 110:13-17; 158:14-19.

2.  G.W. was also sex trafficked at the United Inn from July 2, 2017 – July 4, 2017, and July 20, 2017 – July 21, 2017. Ex. 2, G.W. Dep. at 158:22-159:8.

3.  A.G. and G.W. were sex trafficked by Zaccheus Obie, Kikia Anderson, and their associates, one of whom was Dontavis Carr, aka "Doc." Ex. 1, A.G. Dep. at 49:20-22, 96:13-97:03, 136:12-13; Ex. 2, G.W. Dep. at 58:11-20, 75:12-76:03, 85:2-14, 91:7-11, 99:5-24, 101:25-102:2, 160:6-11.

4.  Zaccheus Obie and Dontavis Car drove A.G. and G.W. to United Inn. Ex. 1, A.G. Dep. at 56:8-57:15; Ex. 2, G.W. Dep. at 75:23-77:3.

5. Zaccheus Obie and Kikia Anderson pled guilty before Judge Michael L. Brown in the United States District Court for the Northern District of Georgia to sex trafficking A.G. and G.W. at United Inn as minors in 2017 in violation of 18 U.S.C. § 1591. *United States v. Obie,* Case No. 1:18-cr-00424-MLB-JKL (N.D.Ga., Nov. 6, 2020), Doc. No. 160; *United States v. Anderson,* Case No. 1:18-cr-00424-MLB-JKL (N.D.Ga., April 1, 2021), Doc. No. 177.

6. Judge Michael L. Brown in the United States District Court for the Northern District of Georgia sentenced Zaccheus Obie and Kikia Anderson for sex trafficking A.G. and G.W. at United Inn as minors in 2017 to 20 years and 1 year, respectively. *United States v. Obie, et al.*, Case No. 1:18-cr-00424-MLB-JKL (N.D.Ga., Nov. 6, 2020), ECF No. 178; *United States v. Anderson,* Case No. 1:18-cr-00424-MLB-JKL (N.D.Ga., April 1, 2021), ECF No. 177.

7. A.G. and G.W.'s traffickers, and their associates, rented rooms at the United Inn and paid United Inn for the rooms they rented. Ex. 1, A.G. Dep. at 57:7-22, 58:15-25; Ex. 2, G.W. Dep. at 76:8-15, 100:11-101:11.

8. Dontavis Carr, an associate of A.G. and G.W.'s traffickers, rented a room at the United Inn from June 23 - June 26, 2017 that was used to traffic A.G. and G.W. Ex. 1, A.G. Dep. at 57:7-22; Ex. 2, G.W. Dep. at 76:8-15; Ex. 10, Dontavis Carr Room Receipt.

9. Dontavis Carr, an associate of A.G. and G.W.'s traffickers, rented a room at the United Inn from July 2 – 4, 2017 to traffic G.W. Ex. 2, G.W. Dep. at 158:22-159; Ex. 10, Dontavis Carr Room Receipt.

10. Kikia Anderson, one of A.G.'s and G.W.'s traffickers, and who pled guilty to trafficking them, rented a room at United Inn from July 20 – July 21, 2017 to traffic G.W. Ex. 2, G.W. Dep. at 158:22-159; Ex. 11, Kikia Anderson Room Receipt.

11. A.G.'s and G.W.'s traffickers demanded that A.G. and G.W. make at least $500 per night from commercial sex work at United Inn. Ex. 1, A.G. Dep. at 71:10-24, 179:16-180:8; Ex. 2, G.W. Dep. at 80:11-16.

12. A.G. and G.W. gave all the money they were paid by sex buyers at United Inn to Zaccheus Obie, who collected their earnings at the United Inn every morning. Ex. 1, A.G. Dep. at 88:16-20, 132:14-18; Ex. 2, G.W. Dep. at 73:4-7, 91:18-25, 122:8-11.

13. After Zaccheus Obie collected the earnings from A.G. and G.W., he went to the front office at the United Inn to pay for the room in which A.G. and G.W. were trafficked. Ex. 2, G.W. Dep. 91:18-25, 100:11-101:11; Ex. 1, A.G. Dep. 132:14-134:3.

14. A.G.'s and G.W.'s traffickers had been to the United Inn multiple times and appeared to be familiar with United Inn staff and people staying at the hotel. Ex. 1, A.G. Dep. at 132:14-134:3; Ex. 2, G.W. Dep. at 213:5-10, 91:7-25.

15. Dontavis Carr, who was friends with Zaccheus Obie and accompanied him frequently, and who rented the room that A.G.'s and G.W.'s traffickers used to traffic A.G. and G.W. in June 2017, rented rooms at the United Inn in February 2017, June 2017, and July 2017. Ex. 10.

16. The United Inn had an ongoing business relationship with A.G.'s and G.W.'s traffickers and their associates. Ex. 2, G.W. Dep. at 213:5-10, 91:18-25; Ex. 1, A.G. Dep. at 132:14-134:3; Ex. 10; Ex. 11.

17. A.G. and G.W. believed their traffickers were in a gang because of statements Zaccheus Obie made. Ex. 1, A.G. Dep. at 138:11-139:10; Ex. 2, G.W. Dep. at 168:1 – 19.

18. A.G.'s and G.W.'s trafficker, Zaccheus Obie, and his associates, carried guns. Ex. 1, A.G. Dep. at 137:9-138:3; Ex. 2, G.W. Dep. at 166:12-167:2.

3

19. A.G.'s and G.W.'s trafficker, Zaccheus Obie, told A.G. and G.W. he was monitoring them at the United Inn. Ex. 1, A.G. Dep. at 103:25-104:10, 138:11-22; Ex. 2, G.W. Dep. at 85:2-14, 91:9-17.

20. A.G.'s and G.W.'s trafficker, Zaccheus Obie, implicitly and explicitly threatened them at United Inn.  Ex. 1, A.G. Dep. at 132:4-9, 137:9-16, 114:9-15; Ex. 2, G.W. Dep. at 151:23-152:3, 165:22-166:11.

21. A.G.'s and G.W.'s trafficker, Zaccheus Obie, was violent towards women in front of G.W. Ex. 2, G.W. Dep. at 72:4-16, 151:23-152:3, 165:22-166:11.

22. From June 23 - June 26, 2017, A.G. had sex for money with approximately 15 men at the United Inn. Ex. 1, A.G. Dep. at 86:4-19, 131:12-20.

23. One of the men who had commercial sex with A.G. at United Inn slapped her in the face and held her down while she cried. Ex. 1, A.G. Dep. at 131:21-132:3; Ex. 2, G.W. Dep. at 191:8-13.

24. Over the course of six days at the United Inn from June 23, 2017 – July 21, 2017, G.W. had sex for money with approximately 30 men at the United Inn. Ex. 2, G.W. Dep. at 159:21-160:5.

25. Sometimes A.G. and G.W. had sex with groups of men together, and sometimes one of the girls would wait in the bathroom or the outdoor walkway while the other girl engaged in a commercial sex act with a buyer. Ex. 1, A.G. Dep. at 200:2-203:25; Ex. 2, G.W. Dep. at 94:23-96:3, 161:4-18, 162:20-163:17.

26. A.G. and G.W. attracted sex buyers at the United Inn by wearing scant, provocative clothing and loitering in the hotel's common areas. Ex. 1, A.G. Dep. at 82:2-7, 147:8-11; Ex. 2, G.W. Dep. at 77:7-10, 117:19-24, 169:24-170:10, 173:23-5.

27. A.G. and G.W. loitered in the parking lot in the middle of the night for hours to meet sex buyers. Ex. 1, A.G. Dep. at 63:2-12, 65:5-8; 74:20-75:4; 119:13-

5; 140:19-141:5; Ex. 2, G.W. Dep. at 56:14-57:2, 88:6-15, 163:18-24, 169:18-170:10, 171:22-25, 173:23-25.

28. Sex buyers drove their cars into the parking lot and circled the lot to find customers.  Ex. 1, A.G. Dep. at 63:2-12, 65:5-8; 74:20-75:4; 140:19-141:5.

29. On at least two occasions at the United Inn between June 23 - June 26, two different groups of five adult men purchased sex with A.G. and G.W.  With both groups, disputes arose, and there was significant commotion in United Inn's common areas.  Ex. 1, A.G. Dep. at 134:14-136:9; Ex. 2, G.W. Dep. at 161:4-163:7.

30. One of these disputes lasted for 15-20 minutes in United Inn's common areas, and the other for 10 – 15 minutes in United Inn's common areas. Ex. 1, A.G. Dep. at 77:4-21, 81:10-82:1; Ex. 2, G.W. Dep. at 95:9-11.

31. A.G. and G.W. went to the front office to purchase condoms for their commercial sex work at the hotel. Ex. 1, A.G. Dep. at 125:25-126:1, 142:6-11; Ex. 2, G.W. Dep. at 89:11-15, 98:6-24.

32. When housekeeping cleaned the room in which A.G. and G.W. were trafficked, condoms the girls had used in commercial sex acts were visible. Ex. 2, G.W. Dep. at 99:15-19, 104:1-6.

33. A.G. and G.W. went to the front office to purchase food, drinks, and hygiene supplies because they were living at the hotel under the supervision and control of their traffickers. Ex. 2, G.W. Dep. at 89:11-15, 211:12-17; Ex. 1, A.G. Dep. at 142:5-10.

34. A.G. and G.W. went to the front office when they were locked out of their room at night. The front desk clerk talked on the phone with Zaccheus Obie and/or Dontavis Carr. After doing so, the front desk clerk walked G.W. and A.G. back to the room in which they were being sex trafficked at the United Inn and unlocked the door and let them back inside.  Exhibit 1, A.G. Dep. at 125:12-129:17, 142:5-11, 145:14-147:2; Ex. 2, G.W. Dep. at 102:16-103:25.

35. On June 26, 2017, one of Zaccheus Obie's associates drove A.G. and G.W. back home to Commerce, Georgia with plans to return to pick them up in a few days. Ex. 1, A.G. Dep. at 99:13-100:2, Ex. 2, G.W. Dep. at 97:9-98:5, 104:13-106:10.

36. When Zaccheus Obie and Dontavis Carr returned to pick up A.G. and G.W. in Commerce, Georgia, on July 2, 2017, A.G. hid in her mother's friend's house. She was "very afraid" because her traffickers knew where she lived, and she did not know "what [Obie] was capable of." Ex. 1, A.G. Dep. at 110:4-24, 114:9-15.

37. On July 2, 2017, Zaccheus Obie and Dontavis Carr showed up at the house where G.W. was then living in Commerce, Georgia and picked her up and drove her back to the United Inn. Ex. 2, G.W. Dep. at 114:4-115:5.

38. From July 2, 2017 – July 4, 2017, while she was at the United Inn being trafficked, G.W. met other women who were engaging in commercial sex activities at United Inn under Zaccheus Obie. Ex. 2, G.W. Dep. at 115:6 - 117:13.

39. From July 20, 2017 – July 21, 2017, while she was at the United Inn being trafficked, G.W. met other women engaging in commercial sex activities at United Inn. Ex. 2, G.W. Dep. at 145:3-147:15.

40. In August 2017, the FBI contacted the United Inn to request records relating to the child sex trafficking of A.G. and G.W. at the hotel. Ex. 12, NBI 002554-5.

\*                    \*                    \*

41. Detective King, a former Dekalb County Police Department Vice Unit officer, testified that, by 2015, the Dekalb County Police Department had identified the United Inn as a "problem hotel[] that we had in Dekalb County for drug[s] and prostitution … it was like a radar hotel that we knew about." Ex. 15, Detective King Dep. at 18:25-19:10.

42. Detective King testified that commercial sex activity, like prostitution and sex trafficking, was "common" and a "problem" at the United Inn from at least 2015 through 2021 (which period is before, during, and after Plaintiff's trafficking).  Ex. 15, Detective King Dep. at 52:18-53:4.

43. Detective King testified that there were a "number of women" "working at the [United Inn]" "doing commercial sex activities." Ex. 15, Detective King Dep. at 20:24-21:7.

44. Detective King testified that from 2015 – 2021, there were multiple men at the United Inn overseeing multiple commercial sex workers at the United Inn.  Ex. 15, Detective King Dep. at 27:24-28:23.

45. Detective King testified that from 2015 – 2018, the most popular online site for commercial sex ads—Backpage—had a publicly-available tool to filter search results to a certain area, including Memorial Drive.  Ex. 15, Detective King Dep. at 66:9-67:10.

46. When law enforcement used that tool, "9 out of 10" ads on Memorial Drive were from United Inn. Ex. 15, Detective King Dep. at 33:22-34:10, 47:11-15.

47. Detective King testified that some of the ads for sex at United Inn involved minors. Ex. 15, Detective King Dep. at 54:9-55:6.

48. Detective King testified that he was involved in numerous operations at the United Inn related to commercial sex activities at the hotel, including a joint FBI-Dekalb County "operation regarding child and adult prostitution at United Inn" that resulted from ads on Backpage.com.  Ex. 15, Detective King Dep. at 33:14-21.

49. Numerous police reports detail violent crime and commercial sex activity at the United Inn from 2012 – 2017:

- On August 7, 2012, a woman was arrested at the United Inn on a prostitution warrant.  Ex. 16 at PLAINTIFF-024272(UI&S)-24273(UI&S).

- On May 30, 2012, a woman staying in room 320 at the United Inn reported that she was being harassed by written messages left on her door and phone calls requesting sexual acts in exchange for money at the hotel.  Ex. 16 at PLAINTIFF-024274(UI&S)-24275(UI&S).

- On July 16, 2014, a woman was arrested for prostitution in room 326 of the United Inn. Ex. 16 at PLAINTIFF-024276(UI&S)-24277(UI&S).

- On July 23, 2014, a woman reported being raped by a man in room 239 of the United Inn when a man forcibly had sex with her and did not pay her afterwards. Ex. 16 at PLAINTIFF-024278(UI&S)-24280(UI&S).

- On August 12, 2015, a woman was arrested for prostitution at the United Inn after meeting two undercover police officers in the parking lot and walking to room 101 of the hotel. The woman did not have a key to the room and left the officers waiting at the room while she went back to the front desk to get a key to the room for the encounter. Ex. 16 at PLAINTIFF-024281(UI&S)-24282(UI&S).

- On August 26, 2015, two armed men attempted to sexually assault a woman, who they also robbed, in room 120 of the United Inn. Ex. 16 at PLAINTIFF-024283(UI&S)-24302(UI&S).

- On December 24, 2016, a woman staying in room number 40 at the United Inn reported she was sexually assaulted by a man staying in room 116. Ex. 16 at PLAINTIFF-024303(UI&S)-24304(UI&S).

- On June 2, 2017, a man was arrested after beating a woman in room 345 of the United Inn over monies owed for sexual favors. Ex. 16 at PLAINTIFF-024305(UI&S)-24319(UI&S).

- On June 20, 2017, police responded to a fight between a prostitute and her pimp in room 101 at the United Inn. The pimp left this prostitute's room after the fight to go stay in another woman's room at the hotel. Ex. 16 at PLAINTIFF-024320(UI&S)-24323(UI&S).

- On July 20, 2017, the Metro Atlanta Child Exploitation Task Force conducted an operation "in reference [to] child and adult prostitution" at the United Inn. Police arrested a woman for prostitution in room 132 of the United Inn, wherein a toddler was also in the room. Ex. 16 at PLAINTIFF-024324(UI&S)-24325(UI&S).

50. Numerous police reports detail violent crime and commercial sex activity at the United Inn in the years after 2017.[1]  For example:

- In April 2018, a man was beaten to death standing in front of room 320 at the United Inn. Ex. 16 at PLAINTIFF-024326(UI&S)-24340(UI&S).

- On March 24, 2019, a man at the United Inn reported that a prostitute at the hotel had stolen his car. Ex. 16 at PLAINTIFF-024341(UI&S)-24345(UI&S).

---

[1] United Inn's owner denied all knowledge of commercial sex on the property. Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 64:3-25, 120:19–121:2, 121:22-122:7.  As such, evidence of commercial sex after Plaintiff's trafficking is relevant and admissible for impeachment of United Inn's owner under Fed. R. Evid. 607. Further, evidence of United Inn's response to commercial sex at the hotel is admissible under Rule 404(b) to show absence of mistake and lack of accident, among other things, in Defendant's response to Plaintiff's trafficking.  Finally, evidence of commercial sex at United Inn is admissible under Rule 406 to show Defendant's pattern, custom, and routine.

- On April 8, 2019, a woman reported that she was raped in room 126 of the United Inn after witnessing a man get shot at the hotel. Ex. 16 at PLAINTIFF-024346(UI&S)-24349(UI&S).

- On September 27, 2019, a 14-year-old girl and a 16-year-old girl who had been kidnapped and were being held at the United Inn by an adult man were rescued by the Dekalb County Police Department.  Ex. 16 at PLAINTIFF-002978(UI&S)-2985(UI&S).

- On October 22, 2019, two women and one man were arrested in room 118 of the United Inn for prostitution, pimping, and keeping a place of prostitution at the United Inn. Ex. 16 at PLAINTIFF-024350(UI&S)-24355(UI&S).

- On November 27, 2019 a woman reported that a man attempted to rape her in room 117 of the United Inn. Ex. 16 at PLAINTIFF-024356(UI&S)-24358(UI&S).

- On January 8, 2020, a woman was arrested for prostitution in room 141 of the United Inn. This woman's sister was also staying at the United Inn, in room 139. Both rooms were registered to one man, who was trafficking several women. The woman made several calls to this man from jail and discussed staying quiet, moving other victims to a different hotel, and recruiting other women while the woman was in jail. The man was then issued warrants for pimping and keeping a place of prostitution at the United Inn. Ex. 16 at PLAINTIFF-024359(UI&S)-24370(UI&S).

- On January 10, 2020, a man was arrested at the United Inn on a keeping place of prostitution warrant. Ex. 16 at PLAINTIFF-024359(UI&S)-24370(UI&S).

10

- On February 10, 2020, a man reported he was sexually assaulted multiple times at the United Inn. Ex. 16 at PLAINTIFF-024371(UI&S)-24375(UI&S).

- On March 9, 2020, the Dekalb County Police Department released a report identifying the hotels with the "highest crime rate in our business community." It listed United Inn at the top of the list. Ex. 16 at PLAINTIFF-31060(UI&S).

                    *                    *                    *

51. Online reviews tell a similar story about the conduct at United Inn:

- "There was way too much commotion going on on the front side of the building on the ground level…afraid to get to even get out to look for the front office because of the back n forth pacing" people and "hustler[s]" as if everyone was there "to just have sex and get high or whatever." Exhibit 17 at PLAINTIFF-024664(UI&S).

- "[T]hey cook drugs here… Been coming around here for 9 months to visit family who stay there and this is horrific." Ex. 17 at PLAINTIFF-024660 (UI&S).

- "[L]ots of hustlers stand out front of the hotel during the night; not to mention a hot spot for prostitution." Ex. 17 at PLAINTIFF-024663(UI&S).

- "Full of … drugs." Ex. 17 at PLAINTIFF-024660(UI&S).

- "[L]oitering all around the building." Ex. 17 at PLAINTIFF-024662(UI&S).

                    *                    *                    *

52. In October – November 2018 and January 2019, a 16-year-old, J.G., was sex trafficked at United Inn. Ex. 8, J.G. Dep. at 14:16-17, 20:2-9, 29:22-30:6, 33:20-34:02, 35:16-23, 40:9-14.

11

53. J.G. was trafficked at United Inn by men she met at United Inn who went by the names "Cash" and "King."  Ex. 8, J.G. Dep. at 28:1-29:11, 36:15-18, 37:4-16.

54. King had rented multiple rooms at the hotel and appeared to live at the hotel. Ex. 8, J.G. Depo. 52:11-14, 54:3-8; Ex. 9, N.S. Affidavit ¶ 9.

55. Cash had multiple rooms reserved at the United Inn.  Ex. 8, J.G. Depo. at 61:24-62:6.

56. During the approximately 6-week period J.G. was sex trafficked at United Inn, she had sex for money with approximately 12 men per day.  Ex. 8, J.G. Dep. at 55:22-56:1, 79:19-20.

57. J.G. had sex for money at the United Inn in hotel rooms and in cars parked in the parking lot.  Ex. 8, J.G. Dep. at 56:15-16, 79:19-20.

58. J.G. was frequently scantily clad around the hotel's common areas to attract sex buyers.  Ex. 8, J.G. Dep. at 83:20-21, 113:6-10.

59. During the periods she was trafficked at United Inn, J.G. stayed in rooms at the United Inn with other minors and other women who were trafficked at the hotel by her traffickers.  Ex. 8, J.G. Dep. at 36:7-13, 38:8-19, 48:18-25, 52:16-22, 58:10-12; Ex. 9, N.S. Affidavit.

60. J.G.'s traffickers used rooms at the United Inn to sell drugs and to sell J.G. for sex.  Ex. 8, J.G. Dep. at 74:21-75:14, 93:22.

61. The rooms in which J.G. was trafficked at United Inn had drugs, guns, condoms, among other things. Ex. 8, J.G. Dep. at 93:3-94:13.

62. J.G.'s traffickers did not make efforts to hide or conceal their criminal activities from United Inn housekeeping staff.  Her traffickers were "cool with everybody who worked up there," "when housekeeping came, nothing

changed," "they didn't bother to hide nothing… they didn't care."  Ex. 8, J.G. Dep. at 93:3-94:13.[2]

63. The volume of visitors to the rooms in which J.G. was trafficked at United Inn was high—not only were customers coming to buy sex with J.G., but additional customers were coming to buy sex with other victims in the room with J.G., and still other customers were coming to buy drugs. Ex. 8, J.G. Dep. at 102:24-103:9.

64. J.G. regularly went to the hotel store to buy condoms, among other items. Ex. 8, J.G. Dep. at 82:9-18.

65. On October 29, 2018, United Inn received multiple Be on the Lookout notices from the Rockdale County Sheriff's Office advising United Inn that J.G. was a "missing" 16-year-old believed to be at United Inn since October 9, 2018.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 312:4-24, 313:2-316:7; 321:15-323:3; Ex. 4, NBI 003097-8; Ex. 5, NBI 003106-7; Ex. 6, NBI 003099.

66. The Be on the Lookout notices contained J.G.'s picture, age, race, height, and weight, among other information. Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 315:22-24.

67. United Inn is not sure what it did in response to the Be on the Lookout notices about J.G. being a missing 16-year-old staying at the hotel.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 322:20-326:3.

---

[2] United Inn's indifference to evidence of minor sex trafficking in hotel rooms the year after Plaintiff's trafficking is probative of United Inn's knowledge of and the foreseeability of sex trafficking the year prior.  *See, e.g., Suresh & Durga, Inc. v. Doe*, 894 S.E.2d 602, 605 (Ga. Ct. App. 2023) (evidence that staff laughed in response to evidence of trafficking, "like they see this all the time," was relevant to hotel's knowledge and foreseeability of earlier trafficking).

68. Before and after United Inn received notices about J.G. being at the United Inn as a "missing" 16-year-old, J.G. was trafficked at the United Inn. Ex. 8, J.G. Dep. at 28:1-29:11, 36:15-18, 37:1-16, 45:13-22.

69. United Inn staff accommodated special requests from J.G.'s traffickers, like allowing them to check into their rooms early. Ex. 8, J.G. Dep. at 107:15-108:3.

70. United Inn staff suggested that one of J.G.'s traffickers, Cash, switch rooms because of the amount of traffic to his room. Ex. 8, J.G. Dep. at 102:24-105:25.

71. J.G.'s traffickers were physically violent to women in J.G.'s presence at United Inn. Ex. 8, J.G. Dep. at 76:12-77:11, 109:5-9.

*          *          *

72. When J.G. was trafficked at the United Inn in January 2019, she was trafficked with three other minors. One of the minors was N.S. Ex. 9, N.S. Affidavit.

73. In January 2019, on multiple occasions, United Inn staff came to the room in which N.S. was staying with J.G. and two other minors to request money for the room. The money the girls paid for the room came from having sex for things of value at the United Inn. Ex. 9, N.S. Affidavit at ¶¶ 11 – 12.

74. N.S. observed men coming and going from the United Inn to purchase sex with women. Ex. 9, N.S. Affidavit at ¶ 15.

75. N.S. observed that commercial sex activity was common at the United Inn. Ex. 9, N.S. Affidavit at ¶ 16.

76. N.S., J.G., and the other minor girls purchased condoms at the United Inn in January 2019. Ex. 9, N.S. Affidavit at ¶ 7.

*          *          *

77. The United Inn owner testified that he is "more knowledgeable about the property than anybody else." Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 34:19-24.

78. United Inn is situated in a high-crime neighborhood.  Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 87:12-15.

79. From 2017 – 2019, the Dekalb County Police Department came to the hotel two – three times per week to respond to calls for service.  Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 60:15-25.

80. The Dekalb County Police Department notified the United Inn about commercial sex crimes at the hotel.  Ex. 13, United Inn's Response to RFA No. 45.

81. The United Inn manager testified he was aware of 5-6 instances of prostitution at the hotel during the relevant period. Ex. 14, Ashar Islam Dep., Feb. 22, 2023 at 57:12-59:7.

82. In May 2017, the United Inn manager texted with a security guard at the hotel about a prostitution-related shooting at the hotel. Ex. 3, United Inn 30(b)(6) May 2, 2023, 370:21-25.

83. The United Inn owner talked with the Dekalb County Police Department about how to reduce prostitution on the property.  Ex. 3, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 110:16-111:24, 121:2-9.

84. The United Inn believes that signs of sex trafficking and prostitution are the same and include traffic in and out of a hotel room. Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 53:25-55:7; Ex. 14, Ashar Islam Dep., Feb. 22, 2023 at 58:9-14.[3]

---

[3] The United Inn manager believes that "inappropriate clothes" are another sign of commercial sex activity.  Ex. 14, Ashar Islam Dep., Feb. 22, 2023 at 58:4-6.

85. United Inn has called the Dekalb County Police Department "many times" about rooms with "too much traffic going on."  United Inn 30(b)(6) Dep., Feb. 22, 2023 at 110:24, 121:2-21, 185:18-25.

86. United Inn did not post anti-trafficking notices at its property, a misdemeanor under O.C.G.A. § 16-5-47.  *See* Ex. 21, Dft's Resp. to Pl's 2nd RPDs at 5.

87. United Inn did not hire a security consulting firm to analyze the hotel's security and ways to improve it.  Ex. 3, United Inn 30(b)(6), May 2, 2023 at 281:25-282:3, 292:19-294:19; Ex. 22, Karim Vellani Dep. at 83:17-21.

88. United Inn did not employ security at the property 24/7.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 275:14-276:1, 277:9-15.

89. United Inn only had one security guard at the property from 10pm – 2am.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 275:14-276:1, 277:9-15.

90. Outside of 10pm – 2am, the United Inn did not have any security guards working at the hotel.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 275:14-276:1, 277:9-15.

91. The Dekalb County Police Department recommended that United Inn hire additional security, but United Inn did not do so. Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 113:23-114:3; 154:5-13, 155:19-22.

92. United Inn's security did not document their conduct at and observations of the United Inn.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 369:10-23, Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 151:7-152:15.

93. From 9pm – 10pm, and 2am – 6am, United Inn had one person working at the hotel. Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 49:17-50:7.

94. From 9pm – 10pm, and 2am – 6am, United Inn's one working employee was expected to manage the lobby, monitor surveillance cameras in the back

16

office, and secure the property. Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 48:22-50:7; 94:20-97:18, 156:24-159:9.

95. United Inn had 36 surveillance cameras at the hotel which included cameras angled at the parking lots and Memorial Drive.  Ex. 18, United Inn 30(b)(6) Depo., Feb. 22, 2023 at 158:13-15, 214:4-10.

96. United Inn did not conduct background checks on its staff.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 380:18-381:2.

97. United Inn did not review online reviews about the hotel other than Google reviews. Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 134:17-135:7.

98. United Inn looked at reviews "[t]o see … what is going on, and if there is something that we can do to fix it."  Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 135:4-7.

99. The United Inn did not monitor popular commercial sex websites, like Backpage, for advertisements relating to commercial sex on Memorial Drive or at the United Inn.  Ex. 18, United Inn 30(b)(6) Dep., Feb. 22, 2023 at 123:8-25.

100. On April 28, 2017, the Dekalb County Police Department sent a letter to the United Inn about "probable concerns for existing and prospective clients" and listed criminal activity "reported at the United Inn" for the first quarter of 2017.  The letter instructed United Inn to "take appropriate security measures to ensure the safety of your patrons," and listed several ideas, including "sufficient lighting, property landscaping, adequate security, proper signage / surveillance video."  The letter concluded: "The Dekalb County Police Department is able and willing to work with you on efforts to implement prevention measures at your hotel and answer any questions." Ex. 19, NBI 002886.

101. Despite receiving the April 28th letter, the United Inn never asked the Dekalb County Police Department for help with its efforts to "implement

prevention measures" at the hotel.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 279:3-281:6, 282:4-24.

102.     Despite receiving the April 28th letter recommending "adequate security," the United Inn never hired security outside of 10pm – 2am. Ex. 3, United Inn 30(b)(6) Dep. at 283:22-284:7.

103.     Despite receiving the April 28th letter recommending "proper signage," the United Inn did not have legally required sex trafficking notices posted around the hotel during the period A.G., G.W., J.G., N.S., and other women and girls were trafficked at the United Inn.  As a result, the hotel is culpable of a misdemeanor. *See* O.C.G.A. § 16-5-47; Ex. 21, United Inn's Resp. to A.G.'s 4th Supp. RPDs at pp. 10-11.

104.     United Inn never asked the Dekalb County Police Department for free staff training on sex trafficking.  Ex. 3, United Inn 30(b)(6) Dep., May 2, 2023 at 281:15-24.

105.     United Inn did not ask any law enforcement agency for free staff training on sex trafficking. Ex. 18, United Inn 30(b)(6) Feb. 22, 2023 at 193:3-8; Ex. 15, Det. King Dep. at 92:4-10.

106.     United Inn did not distribute training materials to its staff on sex trafficking.  Ex. 18, United Inn 30(b)(6) Feb. 22, 2023 at 187:13-20.

107.     United Inn did not hold any all-staff trainings on sex trafficking. Ex. 18, United Inn 30(b)(6) Feb. 22, 2023 at 183:4-186:21.

108.     United Inn had some staff who spoke Spanish, and only spoke limited English, even though United Inn management spoke English, not Spanish. Ex. 18, United Inn 30(b)(6) Feb. 22, 2023 at 186:1-21.

109.     From 2017 – 2019, the United Inn "regularly violated" Dekalb County Code.  Ex. 18, United Inn 30(b)(6) Feb. 22, 2023 at 73:10-16.

110.     In 2017, the Dekalb County Code Enforcement Division cited the United Inn for 447 violations of the Dekalb County Code.  Ex. 18, United Inn 30(b)(6) Feb. 22, 2023 at 80:2-81:19.

111.     In 2018, the United Inn pled guilty to 447 violations of the Dekalb County Code and paid a $60,345 fine. Ex. 20, NBI 002431-002432; Ex. 3, United Inn 30(b)(6) May 2, 2023 at 344:11–346:12.

This 18th day of January, 2024.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

/s/ Patrick J. McDonough
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 18th day of January, 2024.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Patrick J. McDonough*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*