Exhibit 13

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **G.W.,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE** |
| | **NO. 1:20-CV-05232-JPB** |
| **NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES** | |
| **Defendants.** | |

**DEFENDANT NORTHBROOK INDUSTRIES, INC. D/B/A UNITED INN
AND SUITES' RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR
ADMISSIONS**

**COMES NOW** Defendant **NORTHBROOK INDUSTRIES, INC. D/B/A**

**UNITED INN AND SUITES** (hereinafter "Defendant"), and provides its Responses

to Plaintiff's First Requests for Admissions pursuant to Federal Rules of Procedure

26 and 36, and states as follows:

## GENERAL OBJECTIONS

1.      These responses, while based on diligent exploration, reflect only the

current state of Defendant's knowledge, understanding and belief with respect to the

matters addressed. These responses are neither intended as, nor shall they in any way

be deemed, admissions or representations that further information or documents do

1

not exist. Without any way obligating itself to do so, Defendant reserves the right to modify or supplement these responses with such pertinent information as may be subsequently discovered. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight or inadvertence.

2.    Defendant objects to each and every discovery request to the extent the discovery request seeks to discover any attorney/client communication and information concerning analysis and evaluations of this case and related matters involving legal counsel. To the extent any discovery request may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every discovery request is hereby interposed.

3.    The information supplied in these responses is not based solely on the knowledge of Defendant, but includes knowledge of Defendant, its agents, representatives and attorneys, unless privileged.

4.    The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses, and does not purport to be the precise language of the executing party.

5.    Defendant objects to the instructions and definitions contained in the discovery requests to the extent that Plaintiff seeks to impose obligations not required by the Federal Rules of Civil Procedure.

6.    The continuing objections set forth above are hereby incorporated in the responses as set forth in full.

Further, responding to the specific requests propounded by Plaintiff, Defendant responds as follows:

## **REQUESTS FOR ADMISSIONS**

1.

Admit that Defendant Northbrook Industries, Inc. d/b/a United Inn & Suites ("You") has been correctly named in the present case insofar as the legal designation of names is concerned.

**RESPONSE: Admitted.**

2.

Admit that You were properly served as a party defendant.

**RESPONSE: Admitted.**

3.

Admit that process is sufficient with regard to You in this case.

**RESPONSE: Admitted.**

4.

Admit that service of process is sufficient with regard to You in this case.

**RESPONSE: Admitted.**

5.

Admit that the United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over the subject matter of this action.

**RESPONSE: Admitted.**

6.

Admit that the United States District Court for the Northern District of Georgia, Atlanta Division, has personal jurisdiction over You as a party defendant in this case.

**RESPONSE: Admitted.**

7.

Admit that venue is proper for this lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division.

**RESPONSE: Defendant states that venue is only proper for this lawsuit if Plaintiff's claim for violation of the TVPA withstands Defendant's Motion for Summary Judgment. For those reasons, denied as stated.**

8.

Admit that Plaintiff states a claim upon which relief can be granted.

**RESPONSE: Defendant objects to this Request on grounds that it calls for a legal conclusion and seeks information protected by attorney-client privilege and anticipation of litigation. To the extent a response is required, Defendant denies as stated.**

9.

Admit that Plaintiff has not failed to join a party in this action under Federal Rule of Civil Procedure 19.

**RESPONSE: Denied.**

10.

Admit that You employed one or more Persons who worked at the Property.

**RESPONSE: Admitted.**

11.

Admit that You issued Form W-2s for one or more Persons who worked at the Property.

**RESPONSE: Admitted.**

12.

Admit that You trained one or more Persons who worked at the Property.

**RESPONSE: Defendant objects to this Request to the extent the word "trained"**
**is undefined and vague. Subject to these objections and without waiving same,**
**admitted.**

13.

Admit that You managed one or more Persons who worked at the Property.

**RESPONSE: Defendant objects to this Request to the extent the word**
**"managed" is undefined and vague. Subject to these objections and without**
**waiving same, admitted.**

14.

Admit that You set policies governing the Property.

**RESPONSE: Defendant objects to this Request to the extent the word**
**"governing" is undefined and vague. Subject to these objections and without**
**waiving same, admitted.**

15.

Admit that You had a duty to manage the Property.

**RESPONSE: Defendant objects to the allegations contained in this Request, as**
**they assert improper statements of law. Defendant admits that the laws related**

to duties of property owners in Georgia speak for themselves, but denies that
Defendant breached any alleged duty in this matter.

16.

Admit that You had a duty to inspect the Property.

**RESPONSE**: **Defendant objects to the allegations contained in this Request, as
they assert improper statements of law. Defendant admits that the laws related
to duties of property owners in Georgia speak for themselves, but denies that
Defendant breached any alleged duty in this matter.**

17.

Admit that You had a duty to keep the Property safe for invitees at the
Property.

**RESPONSE**: **Defendant objects to the allegations contained in this Request, as
they assert improper statements of law. Defendant admits that the laws related
to duties of property owners in Georgia speak for themselves, but denies that
Defendant breached any alleged duty in this matter.**

18.

Admit that You had a duty to keep the Property safe from unnecessary dangers
at the Property.

**RESPONSE**: **Defendant objects to the allegations contained in this Request, as
they assert improper statements of law. Defendant admits that the laws related**

**to duties of property owners in Georgia speak for themselves, but denies that Defendant breached any alleged duty in this matter.**

19.

Admit that Your employees inspected the Property.

**RESPONSE: Defendant objects to the Request on grounds that it is not limited in time or scope. Subject to these objections and without waiving same, admitted.**

20.

Admit that You maintained electronic records of room reservations at the Property.

**RESPONSE: Admitted.**

21.

Admit that Your electronic records relating to room reservations include the name/s of the customer/s associated with a reservation.

**RESPONSE: Denied as stated.**

22.

Admit that Your electronic records relating to room reservations include the customer's name, address, and driver's license number, among other information.

**RESPONSE: Denied as stated.**

23.

Admit that You had "Rules of Conduct" for the Property.

**RESPONSE: Admitted.**

24.

Admit that Your "Rules of Conduct" for the Property stated that the "hotel shall require each patron to provide proper identification prior to renting a room when registering in person."

**RESPONSE: Admitted.**

25.

Admit that Your "Rules of Conduct" for the Property provided that only individuals 18-years of age or older shall be allowed to rent a room at the Property.

**RESPONSE: Admitted.**

26.

Admit that Your "Rules of Conduct" for the Property provided that persons under the age of 18 are not permitted to rent a room at the Property.

**RESPONSE: Admitted.**

27.

Admit that Your "Rules of Conduct" for the Property stated that "Management has the right to vacate the room without previous notice and without assigning any reason whatsoever."

**RESPONSE: Admitted.**

28.

Admit that Your "Rules of Conduct" for the Property said: "Management should never give keys, room numbers, or mail to any person without first requiring appropriate identification."

**RESPONSE: Denied as stated.**

29.

Admit that You sell condoms on the Property for money.

**RESPONSE: Defendant objects to this Request on grounds that it is not limited in scope of time. Subject to this objection and without waiving same, admitted.**

30.

Admit that You do not check a customer's identification before selling condoms on the Property.

**RESPONSE: Admitted.**

31.

Admit that You did not enforce the "Rules of Conduct" for the Property.

**RESPONSE: Denied.**

32.

Admit that You did not evict anyone from the Property for violation of the "Rules of Conduct."

**RESPONSE: Denied.**

33.

Admit that You allowed people to remain on the Property who had violated the "Rules of Conduct" for the Property.

**RESPONSE: Denied as stated.**

34.

Admit that You maintained a list of people who are not allowed on the Property.

**RESPONSE: Admitted.**

35.

Admit that Dekalb County "[a]nnually" provided You with "a list of crimes and ordinance violations that occurred" on the Property "in the previous year." Dekalb County Code of Ordinances Sec. 18-136(g).

**RESPONSE: Defendant objects to this Request on grounds that it is not limited to a relevant time period. Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

36.

Admit that You were required to "report violations of law to the DeKalb County Police Department that were either witnessed or made known to [you] by an employee, patron, guest, visitor or other person on" the Property. Dekalb County Code of Ordinances Sec. 18-136(a).

**RESPONSE: Defendant objects to this Request on grounds that it calls for a legal conclusion. Subject to this objection and without waiving same, Defendant admits that Request No. 36 is a citation of Dekalb County Code of Ordinances Sec. 18-136(a). To the extent a further response is required, Defendant admits it reported violations of law that it witnessed or was made known of. Except as stated, Defendant denies the remainder of this Request.**

37.

Admit that You were required to make the aforementioned "report[s]" "without delay." Dekalb County Code of Ordinances Sec. 18-136(a).

**RESPONSE: Defendant states that Dekalb County Code of Ordinances Sec. 18-136(a) speaks for itself. To the extent a further response is required, Defendant admits it reported violations of law that it witnessed or was made known of. Except as stated, Defendant denies the remainder of this Request.**

38.

Admit that You did not make all reports required by Dekalb County Code of Ordinances Sec. 18-136(a).

**RESPONSE: Denied as stated.**

39.

Admit that You did not "report" all instances of Prostitution that "were either witnessed or made known to [you] by an employee, patron, guest, visitor or other person on" the Property. Dekalb County Code of Ordinances Sec. 18-136(a).

**RESPONSE: Defendant objects to this Request on grounds that it is vague and ambiguous. Subject to this objection and without waiving same, upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

13

40.

Admit that You did not "report" all instances of Sex Trafficking that "were either witnessed or made known to [you] by an employee, patron, guest, visitor or other person on" the Property. Dekalb County Code of Ordinances Sec. 18-136(a).

**RESPONSE: Denied.**

41.

Admit that You knew that Prostitution occurred on the Property.

**RESPONSE: If at any time Defendant was made aware of alleged Prostitution occurring on the property, Defendant would call the police and report it. Except as stated, Defendant denies the remaining portions of this Request.**

42.

Admit that You knew that Sex Trafficking occurred on the Property.

**RESPONSE: Denied.**

43.

Admit that Your employees received complaints of Prostitution on the Property.

**RESPONSE: Defendant objects to this request as it is not limited in scope of time. Subject to this objection and without waiving same, upon reasonable inquiry, the information known or readily obtainable by Defendant is**

**insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

44.

Admit that Your employees received complaints of Sex Trafficking on the Property.

**RESPONSE: Denied.**

45.

Admit that law enforcement officials from the Dekalb County Police Department notified You of Prostitution on the Property.

**RESPONSE: Defendant objects to this request as it is not limited in scope of time. Subject to this objection and without waiving same, admitted.**

46.

Admit that law enforcement officials from the Dekalb County Police Department notified You of Sex Trafficking on the Property.

**RESPONSE: Defendant objects to this request as it is not limited in scope of time. Subject to this objection and without waiving same, denied as stated.**

47.

Admit that Property customers complained to You of Prostitution on the Property.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

48.

Admit that Property customers complained to You of Sex Trafficking on the Property.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

49.

Admit that residents of the area around the Property complained to You about Prostitution on the Property.

**RESPONSE: Defendant objects to this Request on grounds that the term "residents of the area" is vague and undefined such that Defendant cannot respond to this request. Subject to these objections and without waiving same, upon reasonable inquiry, the information known or readily obtainable by**

**Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

50.

Admit that residents of the area around the Property complained to You about Sex Trafficking on the Property.

**RESPONSE: Defendant objects to this Request on grounds that the term "residents of the area" is vague and undefined such that Defendant cannot respond to this request. Subject to these objections and without waiving same, upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

51.

Admit that You talked to government employees, including but not limited to members of the Dekalb County Police Department, about Prostitution at the Property.

**RESPONSE: Admitted.**

52.

Admit that You talked to government employees, including but not limited to members of the Dekalb County Police Department, about Sex Trafficking at the Property.

**RESPONSE**: **Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

53.

Admit that You knew that on or around September 2011, a man smothered and then strangled a woman to death at the Property before having sex with her body over the course of two days at the hotel.

**RESPONSE**: **Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

54.

Admit that You knew that on or around on May 30, 2012, a woman staying in room 320 at the Property reported that she was being harassed by written messages left on her door and phone calls requesting sexual acts in exchange for money at the hotel.

**RESPONSE: Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

55.

Admit that You knew that on or around August 7, 2012, a woman was arrested at the Property on a prostitution warrant.

**RESPONSE: Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

56.

Admit that You knew that on or around July 16, 2014, a woman was arrested for prostitution in room 326 of the Property.

**RESPONSE: Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

57.

Admit that You knew that on or around on July 23, 2014, a woman reported being raped by a man in room 239 of the Property when a man forcibly had sex with her and did not pay her afterwards.

**RESPONSE: Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

58.

Admit that You knew that on or around August 12, 2015, a woman was arrested for prostitution at the Property after meeting two undercover police officers in the parking lot and walking to room 101 of the hotel. The woman did not have a key to the room and left the officers waiting at the room while she went back to the front desk to get a key to the room for the encounter.

**RESPONSE: Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

59.

Admit that You knew that on or around August 26, 2015, two armed men attempted to sexually assault a woman, who they also robbed, in room 120 of the Property.

**RESPONSE: Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

60.

Admit that You knew that on or around December 24, 2016, a woman staying in room number 40 at the Property reported she was sexually assaulted by a man staying in room 116.

**RESPONSE: Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

61.

Admit that You knew that on or around June 3, 2017, a man was arrested after

beating a woman in room 345 of the Property over monies owed for

sexual favors.

**RESPONSE: Defendant admits that it learned of this event only after the**

**occurrence. Except as stated, Defendant denies the remaining portions**

**contained in this Request.**

62.

Admit that You knew that on or around June 20, 2017, police responded to a

fight between a prostitute and her pimp in room 101 at the United Inn. The pimp left

this prostitute's room after the fight to go stay in another woman's room at the hotel.

**RESPONSE: Defendant admits that it learned of this event only after the**

**occurrence. Except as stated, Defendant denies the remaining portions**

**contained in this Request.**

63.

Admit that You knew that on or around July 20, 2017, the Metro Atlanta Child Exploitation Task Force conducted an operation "in reference [to] child and adult prostitution" at the Property. Police arrested a woman for prostitution in room 132 of the Property and found a toddler was also in the room.

**RESPONSE: Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

64.

Admit that You knew that on or around April 2018, a man was beaten to death standing in front of room 320 at the Property.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

65.

Admit that You knew that on or around March 24, 2019, a man at the Property reported that a prostitute at the Property had stolen his car.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

66.

Admit that You knew that on April 8, 2019, a woman reported that she was raped in room 126 of the Property after witnessing a man get shot at the Property.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

67.

Admit that You knew that on October 22, 2019, two women and one man were arrested in room 118 of the Property for prostitution, pimping, and keeping a place of prostitution at the Property.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

68.

Admit that You knew that on November 27, 2019 a woman reported that a man attempted to rape her in room 117 of the Property.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

69.

Admit that You knew that on January 8, 2020, a woman was arrested for prostitution in room 141 of the Property.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

70.

Admit that You knew that the Dekalb County Police Department learned in the course of investigating the above January 8th incident that the sister of the woman who was arrested on or around January 8, 2020, was also staying at the Property, in room 139; that both rooms were registered to one man, who was trafficking several women; that the woman made several calls to this man from jail and discussed staying quiet, moving other victims to a different hotel, and recruiting other women while the woman was in jail; and that warrants were then issued for the man for pimping and keeping a place of prostitution at the Property.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject**

**matter of Plaintiff's Complaint. Subject to these objections and without waiving same, upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

71.

Admit that You knew that on January 10, 2020, a man was arrested at the Property on a keeping a place of prostitution warrant.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, Defendant admits that it learned of this event only after the occurrence. Except as stated, Defendant denies the remaining portions contained in this Request.**

72.

Admit that You knew that on February 10, 2020, a man reported he was sexually assaulted multiple times at the Property.

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, Defendant admits that it learned of this event only after the occurrence.**

**Except as stated, Defendant denies the remaining portions contained in this Request.**

73.

Admit that You monitored online reviews regarding the Property.

**RESPONSE: Admitted.**

74.

Admit that You knew of a 2018 review of the Property on Google.com stating: "[T]hey cook drugs here... Been coming around here for 9 months to visit family who stay there and this is horrific."

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, admitted; however, Defendant states that does not admit the veracity of the online review.**

75.

Admit that You knew of another 2018 review of the Property on Google.com stating: "[L]ots of hustlers stand out front of the hotel during the night; not to mention a hot spot for prostitution."

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject**

**matter of Plaintiff's Complaint. Subject to these objections and without waiving same, admitted; however, Defendant states that does not admit the veracity of the online review.**

76.

Admit that You knew of a 2019 review of the Property on Google.com stating: "Full of... drugs."

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, admitted; however, Defendant states that does not admit the veracity of the online review.**

77.

Admit that You knew of another 2019 review of the Property on Google.com stating: "[L]oitering all around the building."

**RESPONSE: Defendant objects to this Request on grounds that the event referred to in this Request occurred after the time period that is the subject matter of Plaintiff's Complaint. Subject to these objections and without waiving same, admitted; however, Defendant states that does not admit the veracity of the online review.**

78.

Admit that in 2018, the Dekalb County Commission cited the Property for 447 violations of county fire, health, and building codes.

**RESPONSE: Admitted.**

79.

Admit that You paid $60,345 to Dekalb County in 2018 because of the violations referenced in the foregoing paragraph.

**RESPONSE: Admitted.**

80.

Admit that Plaintiff was an invitee at the Property.

**RESPONSE: Denied.**

81.

Admit that You did not take any action to warn Plaintiff of any danger at the Property.

**RESPONSE: Denied.**

82.

Admit that You knew Plaintiff.

**RESPONSE: Denied.**

83.

Admit that You talked to Plaintiff.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

84.

Admit that You talked to Plaintiff more than once.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

85.

Admit that You sold Plaintiff condoms for money.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

86.

Admit that You talked to Plaintiff in June 2017 about the fact that Plaintiff was locked out of a room on the Property.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

87.

Admit that Plaintiff was standing with another girl when You talked to Plaintiff in June 2017 about the fact that Plaintiff was locked out of a room on the Property.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

88.

Admit that You used a phone to call someone about whether to unlock a room on the Property for Plaintiff in June 2017.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

89.

Admit that You did unlock a room on the Property for Plaintiff in June 2017.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

90.

Admit that You saw Plaintiff and another girl with her go into the room you unlocked on the Property in June 2017.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

91.

Admit that You talked to Zaccheus Obie.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

92.

Admit that You knew Zaccheus Obie.

**RESPONSE: Denied.**

93.

Admit that You talked to Quintavious Obie.

**RESPONSE**: **Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

94.

Admit that You knew Quintavious Obie.

**RESPONSE**: **Denied.**

95.

Admit that You talked to Kikia Anderson.

**RESPONSE**: **Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

96.

Admit that You knew Kikia Anderson.

**RESPONSE**: **Denied.**

97.

Admit that You rented a room on the Property to Kikia Anderson on or around July 20, 2017.

**RESPONSE**: **Admitted.**

98.

Admit that Kikia Anderson paid You money for the room she rented on the Property on or around July 20, 2017.

**RESPONSE: Admitted.**

99.

Admit that You rented a room on the Property to Kikia Anderson prior to July 20, 2017.

**RESPONSE: Upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

100.

Admit that You rented a room on the Property to Kikia Anderson in June 2017.

**RESPONSE: Denied.**

101.

Admit that a law enforcement officer talked to You about Zaccheus Obie.

**RESPONSE: Defendant objects to this Request on the grounds that it is vague and ambiguous because it does not identify a time frame. Subject to these objections and without waiving same, upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit**

or deny the allegations contained in this Request. Therefore, by operation of law, denied.

102.

Admit that a law enforcement officer talked to You about Quintavious Obie.

**RESPONSE: Defendant objects to this Request on the grounds that it is vague and ambiguous because it does not identify a time frame. Subject to these objections and without waiving same, upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

103.

Admit that a law enforcement officer talked to You about Kikia Anderson.

**RESPONSE: Defendant objects to this Request on the grounds that it is vague and ambiguous because it does not identify a time frame. Subject to these objections and without waiving same, upon reasonable inquiry, the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the allegations contained in this Request. Therefore, by operation of law, denied.**

104.

Admit that Zaccheus Obie pled guilty in the United States District Court for the Northern District of Georgia to sex trafficking minors in violation of 18 U.S.C. § 1591.

**RESPONSE: Defendant states that Zacchues Obie's plea of guilty speaks for itself.**

105.

Admit that Zaccheus Obie pled guilty in the United States District Court for the Northern District of Georgia to sex trafficking Plaintiff A.G. when she was a minor in violation of 18 U.S.C. § 1591.

**RESPONSE: Defendant states that Zacchues Obie's plea of guilty speaks for itself.**

106.

Admit that Zaccheus Obie pled guilty in the United States District Court for the Northern District of Georgia to sex trafficking Plaintiff G.W. when she was a minor in violation of 18 U.S.C. § 1591.

**RESPONSE: Defendant states that Zacchues Obie's plea of guilty speaks for itself.**

107.

Admit that You were required to "maintain a log that documents when each room is cleaned." See, e.g., Dekalb County Code of Ordinances Sec. 18-138(d) ("Each hotel, motel, and extended-stay hotel must maintain a log that documents when each room is cleaned.").

**RESPONSE: Defendant states that Dekalb County Code of Ordinances Sec. 18-138(d) speaks for itself.**

108.

Admit that You did not "maintain a log that documents when each room [was] cleaned." See, e.g., Dekalb County Code of Ordinances Sec. 18-138(d) ("Each hotel, motel, and extended-stay hotel must maintain a log that documents when each room is cleaned.").

**RESPONSE: Denied.**

109.

Admit that You had a duty to "maintain a security plan" with "all implemented security measures" as well as "documentation for approved alternative security measures." Dekalb County Code of Ordinances Sec. 18-138(d).

**RESPONSE: Defendant states that this request is an incorrect citation of Dekalb County Code of Ordinances Sec. 18-138(d). Defendant objects to this Request on grounds that it does not accurate cite the Dekalb County Ordinance.**

**Subject to these objections and without waiving same, Defendant admits that the laws related to duties of property owners in Georgia speak for themselves, but denies that Defendant breached any alleged duty in this matter.**

110.

Admit that You did not "maintain a security plan" with "all implemented security measures" as well as "documentation for approved alternative security measures." Dekalb County Code of Ordinances Sec. 18-138(d).

**RESPONSE: Defendant states that this request is an incorrect citation of Dekalb County Code of Ordinances Sec. 18-138(d). Defendant objects to this Request on grounds that it does not accurate cite the Dekalb County Ordinance. Subject to these objections and without waiving same, Defendant admits that the laws related to duties of property owners in Georgia speak for themselves, but denies that Defendant breached any alleged duty in this matter.**

111.

Admit that You had a duty to install a video surveillance system of the Property. See Dekalb County Code of Ordinances Sec. 18-141 (defining video surveillance system and imposing duty to install the same).

**RESPONSE: Defendant objects to the allegations contained in this Request, as they assert improper statements of law. Furthermore. Defendant states that Dekalb County Code of Ordinances Sec. 18-141 did not apply to Defendant**

until, **"within 180 days of March 16, 2018." (**<u>See</u> **Sec. 18-141(b)). Therefore, Defendant objects to this Request on grounds that this Request seeks admission to a regulation that was not in effect at the relevant time period alleged in Plaintiff's Complaint (June of 2017). Subject to these objections and without waiving same, Defendant admits that the laws related to duties of property owners in Georgia speak for themselves, but denies that Defendant breached any alleged duty in this matter.**

112.

Admit that You installed a video surveillance system of the Property.

**<u>RESPONSE</u>: Defendant objects to this Request on grounds that it is vague and ambiguous because it does not identify a time frame. Subject to these objections and without waiving same, admitted.**

113.

Admit that Your installation of a video surveillance system of the Property meant You had "continuous digital surveillance system including cameras, cabling, monitors, and digital video recorders (DVR)." See Dekalb County Code of Ordinances Sec. 18-141(a).

**<u>RESPONSE</u>: Defendant objects to the allegations contained in this Request, as they assert improper statements of law. Furthermore. Defendant states that Dekalb County Code of Ordinances Sec. 18-141 did not apply to Defendant**

40

until, "**within 180 days of March 16, 2018.**" (<u>See</u> **Sec. 18-141(b)). Therefore,**

**Defendant objects to this Request on grounds that this Request seeks admission**

**to a regulation that was not in effect at the relevant time period alleged in**

**Plaintiff's Complaint (June of 2017). Subject to these objections and without**

**waiving same, admitted.**

114.

Admit that Your video surveillance system was in "continuous operations

twenty-four (24) hours a day, seven (7) days a week." See Dekalb County Code of

Ordinances Sec. 18-141(c).

**<u>RESPONSE</u>: Defendant objects to this Request on grounds that it is vague and**

**ambiguous because it does not identify a time frame. Defendant objects to the**

**allegations contained in this Request, as they assert improper statements of law.**

**Furthermore. Defendant states that Dekalb County Code of Ordinances Sec.**

**18-141 did not apply to Defendant until, "within 180 days of March 16, 2018."**

**(<u>See</u> Sec. 18-141(b)). Therefore, Defendant objects to this Request on grounds**

**that this Request seeks admission to a regulation that was not in effect at the**

**relevant time period alleged in Plaintiff's Complaint (June of 2017). Subject to**

**these objections and without waiving same, admitted.**

115.

Admit that You had a duty to "retain" the "continuous digital images recorded by" the video surveillance system. See Dekalb County Code of Ordinances Sec. 18-141(c).

**RESPONSE: Defendant objects to the allegations contained in this Request, as they assert improper statements of law. Furthermore. Defendant states that Dekalb County Code of Ordinances Sec. 18-141 did not apply to Defendant until, "within 180 days of March 16, 2018." (See Sec. 18-141(b)). Therefore, Defendant objects to this Request on grounds that this Request seeks admission to a regulation that was not in effect at the relevant time period alleged in Plaintiff's Complaint (June of 2017). Subject to these objections and without waiving same, denied as stated. Responding further, Defendant states that the Dekalb County Code of Ordinance speaks for itself.**

116.

Admit that You had a duty to install a video surveillance system with "no less than one (1) camera dedicated to each register or check-out stand, entrance/exit, interior hallway and lobby, swimming pool area, exercise facility, loading dock, and parking lots or areas designated for customer and/or employee parking use." Dekalb County Code of Ordinances Sec. 18-141(d).

**RESPONSE: Defendant objects to the allegations contained in this Request, as they assert improper statements of law. Furthermore. Defendant states that Dekalb County Code of Ordinances Sec. 18-141 did not apply to Defendant until, "within 180 days of March 16, 2018." (See Sec. 18-141(b)). Therefore, Defendant objects to this Request on grounds that this Request seeks admission to a regulation that was not in effect at the relevant time period alleged in Plaintiff's Complaint (June of 2017). Subject to these objections and without waiving same, denied as stated. Responding further, Defendant states that the Dekalb County Code of Ordinance speaks for itself.**

117.

Admit that You had a duty to review footage from the video surveillance system of the Property.

**RESPONSE: Defendant objects to the allegations contained in this Request, as they assert improper statements of law. Furthermore. Defendant states that**

**Dekalb County Code of Ordinances Sec. 18-141 did not apply to Defendant until, "within 180 days of March 16, 2018." (<u>See</u> Sec. 18-141(b)). Therefore, Defendant objects to this Request on grounds that this Request seeks admission to a regulation that was not in effect at the relevant time period alleged in Plaintiff's Complaint (June of 2017). Subject to these objections and without waiving same, denied as stated.**

118.

Admit that Your employees did not review the video surveillance of the Property.

**<u>RESPONSE</u>: Defendant objects to this Request on the grounds that it is vague and ambiguous because it does not identify a time frame. To the extent that a further response is required: Denied as stated.**

119.

Admit that You had a duty to maintain a "logbook wherein all digital recordings of Hard Drive backups, CD/DVD and USB copies and backups are recorded with time, date, name and signature of the operator," see Dekalb County Code of Ordinances Sec. 18-141; see also

https://www.dekalbcountyga.gov/sites/default/files/user701/VSS%20Specification s%2010-30-2017.pdf.

**RESPONSE: Defendant objects to the allegations contained in this Request, as they assert improper statements of law. Furthermore. Defendant states that Dekalb County Code of Ordinances Sec. 18-141 did not apply to Defendant until, "within 180 days of March 16, 2018." (See Sec. 18-141(b)). Therefore, Defendant objects to this Request on grounds that this Request seeks admission to a regulation that was not in effect at the relevant time period alleged in Plaintiff's Complaint (June of 2017). Subject to these objections and without waiving same, denied as stated. Responding further, Defendant states that the Dekalb County Code of Ordinance speaks for itself.**

120.

Admit that You did not train Persons working at the Property on indicators of Sex Trafficking.

**RESPONSE: Defendant objects to this Request on grounds that "indicators of Sex Trafficking" is vague, undefined and ambiguous. To the extent a further response is required: Denied as stated.**

121.

Admit that You did not train Persons working at the Property on indicators of Prostitution.

**RESPONSE: Defendant objects to this Request on grounds that "indicators of Sex Trafficking" is vague, undefined and ambiguous. To the extent a further response is required: Denied as stated.**

122.

Admit that You received financial compensation from operation of the Property.

**RESPONSE: Admitted.**

123.

Admit that You received financial compensation from rental of rooms on the Property.

**RESPONSE: Admitted.**

124.

Admit that You shared financial compensation from operation of the Property with AS&TS Investments, Inc.

**RESPONSE: Denied.**

125.

Admit that You shared financial compensation from rental of rooms on the Property with AS&TS Investments, Inc.

**RESPONSE: Denied.**

126.

Admit that You benefitted financially from renting rooms at the Property to customers.

**RESPONSE: Admitted.**

127.

Admit that You do not have corporate bylaws.

**RESPONSE: Denied.**

128.

Admit that You do not have a Board of Directors.

**RESPONSE: Denied.**

129.

Admit that You have not held elections for a Board of Directors.

**RESPONSE**: **Admitted.**

130.

Admit that Your Board of Directors does not meet on a regular schedule.

**RESPONSE**: **Denied.**

131.

Admit that there are no written minutes from meetings of Your Board of Directors.

**RESPONSE**: **Admitted.**

132.

Admit that there are no written agenda from meetings of Your Board of Directors.

**RESPONSE**: **Admitted.**

133.

Admit that You share certain bank accounts with Harsimran Sabharwal.

**RESPONSE**: **Denied.**

134.

Admit that You share certain bank accounts with Tahir Shareef.

**RESPONSE**: **Denied.**

135.

Admit that You share certain bank accounts with Ashar M. Islam.

**RESPONSE: Denied.**

136.

Admit that Harsimran Sabharwal has lent You money.

**RESPONSE: Denied.**

137.

Admit that Harsimran Sabharwal has lent You money that You have not paid
back to Harsimran Sabharwal.

**RESPONSE: Denied.**

138.

Admit that Plaintiff was victim of minor sex trafficking at the Property.

**RESPONSE: Denied.**

Dated this 17th day of August , 2022.

[SIGNATURE CONTAINED ON THE FOLLOWING PAGE]

**HALL BOOTH SMITH, P.C.**

*/s/ Don B. Brown*

_____

DON B. BROWN
Georgia Bar No. 496667
WILLIAM R. STORY
Georgia Bar No. 340477
*Attorneys for Defendant Northbrook*
*Industries, Inc., d/b/a United Inn and*
*Suites*

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
404-954-5000 : 404-954-5020 (Fax)
dbrown@hallboothsmith.com
wstory@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

G.W.,

     **Plaintiff,**

**v.**

**NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES**

     **Defendants.**

**CIVIL ACTION FILE NO. 1:20-CV-05232-JPB**

---

## CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC. D/B/A UNITED INN AND SUITES' RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS** upon all parties to this matter by email to the following attorney of record:

Richard W. Hendrix
W. Carl Lietz, III
David H. Bouchard
FINCH McCRANIE, LLP
225 Peachtree Street NE
1700 South Tower
Atlanta, Georgia 30303
rhendrix@finchmccranie.com
carl@finchmccranie.com
david@finchmccranie.com
*Attorneys for Plaintiff G.W.*

Jonathan S. Tonge
Patrick J. McDonough
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia 30097
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com
*Attorneys for Plaintiff G.W.*

Dated this 17th day of August, 2022.

**HALL BOOTH SMITH, P.C.**

*/s/ Don B. Brown*

_____

DON B. BROWN
Georgia Bar No. 496667
WILLIAM R. STORY
Georgia Bar No. 340477
*Attorneys for Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites*

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
404-954-5000 : 404-954-5020 (Fax)
dbrown@hallboothsmith.com
wstory@hallboothsmith.com