# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **G.W.,**<br><br>     Plaintiffs,<br><br>v.<br><br>**NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES,**<br><br>     Defendants. | **CIVIL ACTION FILE NUMBER:**<br><br>**1:20-CV-05232-JPB** |

**DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES RESPONSE TO PLAINTIFF'S FOURTH SUPPLEMENTAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**COMES NOW**, **NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES** ("Defendant"), named as a Defendant in the above-styled civil action, and files their Responses to Plaintiff's Fourth Supplemental Set of Requests for Production of Documents to Defendant, and shows this Honorable Court the following:

**GENERAL OBJECTIONS**

1.      These responses, while based on diligent exploration by Defendant,

1

reflects only the current state of Defendant's knowledge, understanding and belief with respect to the matters addressed.  These responses are neither intended as, nor shall they in any way be deemed, admissions or representations that further information or documents do not exist.  Without any way obligating herself to do so, Defendant reserves the right to modify or supplement these responses with such pertinent information as may be subsequently discovered.  Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight or inadvertence.

2. Defendant objects to each and every discovery request to the extent the discovery request seeks to discover any attorney/client communication and information concerning analysis and evaluations of this case and related matters involving legal counsel.  To the extent any discovery request may be construed as calling for disclosure of information protected by any such privilege or doctrine, a continuing objection to each and every discovery request is hereby interposed.

3. The information supplied in these responses is not based solely on the knowledge of Defendant, but includes knowledge of Defendant, her agents, representatives and attorneys, unless privileged.

4. The word usage and sentence structure may be that of the attorneys assisting in the preparation of the responses, and does not purport to be the precise language of the executing party.

5. Defendant objects to the instructions and definitions contained in the discovery requests to the extent that plaintiffs seek to impose obligations not required by the Georgia Civil Practice Act.

6. The continuing objections set forth above are hereby incorporated in the responses as set forth in full.

## FOURTH SUPPLEMENTAL REQUESTS FOR PRODUCTION

1.

Please produce Your training materials, which Your manager referenced in his May 2, 2023 deposition. (Islam, 149:21-25, "Q. And it would be on one of the shelves, is that what you're saying? A. Yeah, on the shelf and maybe we have that in a cabinet also, the file cabinet where we put all those like training material.")

**RESPONSE: Defendant has already produced the responsive documents to the Request.**

2.

Please produce all Documents and/or Communications relating or referring to

a loan (or loans) to the entity North Brook Industries, Inc. d/b/a United Inn & Suites made by Tahir Shareef and/or Harsimran Sabharwal. This response should include but not be limited to letters, emails, text messages, notes, and any other written communications about the $1,037,401.00 "loan from shareholder" discussed in the May 2, 2023 deposition of Your 30(b)(6) representative and owner, as well as Documents concerning the amount of the loans, the terms of the loans, proof of repayment of the loans, and any other loan-related documents.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, there is no basis for relevance for the documents requested.**

3.

Please produce all Documents and/or Communications relating or referring to the cash used to pay laborers, independent contractors, employees, and anyone else who worked at the hotel from 2017 – 2019, as testified by Your 30(b)(6) representative and owner on May 2, 2023. (Shareef, 395:23 – 396:7, "A. I looked through the discovery for W-2s and 1099s and that sort of thing. Is it possible that some people on this list didn't get W-2s or 1099s? A: Right. Q. And do you know why that would be? A: They just get cash. Q. They ... would just get cash? A.

Right."). This response should include but not be limited to (i) documents showing the identities of the people You paid in cash, (ii) bank account statements showing where the money was obtained that was used to pay people in cash, the amount of the withdrawals, and the accounts from which cash was withdrawn, (iii) cashier check records, and (iv) any and all other Documents in Your possession, custody or control regarding cash payments You made to those who worked at the hotel from 2017 - 2019.

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, there is no basis for relevance for the documents requested. Subject to and without waiving such objection, Defendant will produce a list of the employees working at the hotel at the relevant times to this litigation. Defendant refers Plaintiff to Defendant's Second Supplemental 000001 – 000002.**

4.

Please produce any and all Documents in Your possession, custody or control regarding the identity of each and every person who worked for You from 2017 - 2019, including their full names, addresses, and telephone numbers. This response should include Documents and the requested information for all persons paid with

cash that worked for You at any point from 2017 – 2019 as testified by Your 30(b)(6) representative and owner on May 2, 2023. (Shareef, 395:23 – 396:7, "A. I looked through the discovery for W-2s and 1099s and that sort of thing. Is it possible that some people on this list didn't get W-2s or 1099s? A: Right. Q. And do you know why that would be? A: They just get cash. Q. They ... would just get cash? A. Right.").

**RESPONSE: Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, there is no grounds for relevance for the documents requested. Subject to and without waiving such objection, Defendant will produce a list of the employees working at the hotel at the relevant times to this litigation.**

5.

Please produce any and all Documents and/or Communications involving your CPA and referring or relating to people who worked at the Property from 2017 – 2019, whether as independent contractors, employees, or otherwise.

**RESPONSE: Defendant objects to this Request on grounds that it seeks information which may fall within the scope of accountant-client privilege. Moreover, Defendant objects on grounds that this Request is overly broad,**

**unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

6.

Please produce a photo of the hard copy "human trafficking file" and of the room in which the file was stored, as testified by Your 30(b)(6) representative and owner on May 2, 2023. (Shareef, 388:22 – 389:9, "Q. Where would you keep the copies, in your filing cabinet? A. No. It is one of the file at the front desk. I don't know. But on of the file it says, you know, human trafficking. Q. One of the files says – A. Yeah. Q. –human trafficking? A. Yeah. Q. When did you create that file? A. You know, when we are there for the meetings. I think that could be the timing. I don't know.") If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant will produce the requested document. Defendant refers Plaintiff to Defendant's Second Supplemental 000015 – 000016.**

7.

Please produce a photo of the filing cabinet in which Your training materials are saved and of the room in which the filing cabinet is located. (Islam, 149:21-25, "Q. And it would be on one of the shelves, is that what you're saying? A. Yeah, on the shelf and maybe we have that in a cabinet also, the file cabinet where we put all

those like training material.") If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant will produce the requested document. Defendant refers Plaintiff to Defendant's Second Supplemental 000003 – 000004.**

8.

Please produce a photo of Your computer and of the room where it is located. If there are multiple computers, please photograph each computer and their locations. If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant will produce the requested document. Defendant refers Plaintiff to Defendant's Second Supplemental 000008 – 000009.**

9.

Please produce a photo of the room in which the surveillance cameras are located. If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant will produce the requested document. Defendant refers Plaintiff to Defendant's Second Supplemental 000007.**

10.

Please produce a photo of the room used at night to check-in guests. If you

refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant will produce the requested document. Defendant refers Plaintiff to Defendant's Second Supplemental 000008.**

11.

Please produce a photo of the wall where You may have posted the photo of Plaintiff J.G. that You received in October 2018 identifying her as a 16-year-old runaway, according to the testimonies of your 30(b)(6) representative, owner, and manager. If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant will produce the requested document. Defendant refers Plaintiff to Defendant's Second Supplemental 000012 – 000016.**

12.

Please produce a photo of the room with the wall referenced in the foregoing request. If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant will produce the requested document. Defendant refers Plaintiff to Defendant's Second Supplemental 000010 – 000016.**

13.

Please produce photos of all locations at Your Property where copies of the sex trafficking indicators document (NBI 000626 - NBI 000631) were located at your Property from 2017 – 2019. (Shareef, 388:14–15, "A. No. Bunch of copy of these, I have these copies, maybe four or five of them, you know.")), Islam, 148:16-17 (saying the sex trafficking indicators document was "on a table in the back office."). If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant will produce the requested document. Defendant refers Plaintiff to Defendant's Second Supplemental 000015 – 000016.**

14.

Please produce a photo of where the trafficking notice required by O.C.G.A. § 16-5-47 was posted at the Property from 2017 – 2019. If you refuse to provide a photo, please specify a date and time when Your Property is available for inspection and photographing.

**RESPONSE: Defendant did not have any trafficking notices posted on the property within the time frame described in this Request.**

Respectfully submitted this 30th day of June, 2023.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, NE, Suite 2900

| | |
|---|---|
| Atlanta, Georgia  30303 | */s/ Don B. Brown* |
| Phone:  (404) 954-5000 | DON B. BROWN |
| Fax:  (404) 954-5020 | Georgia Bar No. 496667 |
| dbrown@hallboothsmith.com | MEGHAN PITTMAN |
| meghanpittman@hallboothsmith.com | Georgia Bar No.: 616791 |
| | *Attorney for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **G.W.**, <br><br> Plaintiffs, <br><br> v. <br><br> **NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES,** <br><br> Defendants. | **CIVIL ACTION FILE NUMBER**: <br><br> **1:20-CV-05232-JPB** |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES RESPONSE TO PLAINTIFF'S FOURTH SUPPLEMENTAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** upon all parties to this matter by depositing a true and correct copy of same in the United States Mail, in a properly addressed envelope with adequate postage thereon and/or filing said document electronically via *Odyssey* E-File which will automatically send electronic notification to the following:

| | |
|---|---|
| Richard W. Hendrix<br>W. Carl Lietz, III<br>David H. Bouchard<br>FINCH McCRANIE, LLP 225<br>Peachtree Street NE 1700 South Tower<br>Atlanta, Georgia 30303<br>rhendrix@finchmccranie.com<br>carl@finchmccranie.com<br>david@finchmccranie.com<br>*Attorneys for Plaintiff G.W.* | Jonathan S. Tonge<br>Patrick J. McDonough<br>ANDERSEN, TATE & CARR, P.C. One Sugarloaf Centre<br>1960 Satellite Boulevard Suite 4000<br>Duluth, Georgia 30097<br>jtonge@atclawfirm.com<br>pmcdonough@atclawfirm.com<br>*Attorneys for Plaintiff G.W.* |

Respectfully submitted this 30th day of June, 2023.

| | |
|---|---|
| 191 Peachtree Street, NE, Suite 2900<br>Atlanta, Georgia 30303<br>Phone: (404) 954-5000<br>Fax: (404) 954-5020<br>dbrown@hallboothsmith.com | **HALL BOOTH SMITH, P.C.**<br><br>*/s/ Don B. Brown*<br>Don B. Brown<br>Georgia Bar No. 496667<br>*Attorney for Defendants* |