## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

G.W.,                                    :
                                         :
       Plaintiff,                   :
                                         :         **CIVIL ACTION FILE**
  vs.                                :
                                         :         **NO. 1:20-cv-05232-JPB**
NORTHBROOK INDUSTRIES,                   :
INC., D/B/A UNITED INN AND               :
SUITES,                                  :
                                         :
      Defendant.                   :

## PLAINTIFF G.W.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND MEMORANDUM IN SUPPORT

Sanctions are required under Rule 26(g)(3) because Defendant concedes that it violated Rule 26(g)(1), (Doc. 120 at 23-24), and that Rule 26(g)(3) mandates sanctions for violation of Rule 26(g)(1). Indeed, Defendant admits that its initial discovery responses and production were "deficient" because it failed to conduct a "reasonable inquiry" in violation of Rule 26(g)(1) due to a "lack of diligence." (Doc. 120 at 1, 4, 8, 23-24.) Defendant proffers no justification—substantial or otherwise—for its failure to run basic searches of its ESI and hard-copy files until years into the litigation and weeks after the March 10th discovery

1

deadline.[1]   Because Defendant concedes it did not conduct the required reasonable inquiry here, and does not contest that Rule 26(g)(3) requires sanctions for such behavior, sanctions are mandatory.   In addition, sanctions are warranted under Rules 37(b)(2) and (c)(1) and the Court's inherent powers.

Defendant's argument that "reasonable attorney's fees" would be "[t]he appropriate sanction for United Inn's discovery failures" if the fees were not barred by a prior partial settlement document misses the mark for two reasons.

*First*, the parties previously entered a limited liability release, not a full release, and the limited release does not preclude Plaintiff from moving for sanctions based on Defendant's discovery misconduct.   Further, even after Defendant signed the limited release, it told the Court it had "no opposition" to Plaintiff's request that the discovery dispute underlying Plaintiff's motion for sanctions be referred to mediation.   Assuming *arguendo* that Defendant had a valid objection (it does not), it waived it.   Finally, according to Defendant's argument, Defendant may participate in this federal case without being subject to the Federal Rules of Civil Procedure.   That violates Rule 1.

*Second*, Defendant's argument that attorneys' fees would be sufficient, and Plaintiff's requested sanctions too "draconian," ignores the egregiousness of

---

[1] Defendant's response brief erroneously says that the fact discovery deadline was March 31, 2023.  On December 5, 2022, the Court set the fact discovery deadline for March 10, 2023.

Defendant's discovery misconduct, glosses over the resultant harm to Plaintiff, and shortchanges the sanctions that the Rules encourage and authorize.

## I.   <u>Plaintiff is Not Barred from Recovering Attorneys' Fees.</u>

*First*, Defendant concedes that Plaintiff's requested attorneys' fees are warranted, but contends they are barred by an earlier "full release" of United Inn. As Exhibit A to Defendant's response brief says, the parties entered a "Limited Liability Release," not a "full release."  The parties agreed: "[T]his Agreement is a limited liability release of Northbrook [i.e., United Inn], not a general liability release of Northbrook, and that the Claimants will not dismiss the Lawsuits against Northbrook, which will remain pending against Northbrook in the court in which they were filed."  Doc. 120, Ex. A at 4.a.iii.  Both parties understood that the "limited liability release" meant that the litigation would continue against United Inn (as the agreement says), and that, as part of the ongoing litigation, Plaintiff would continue to press her request for sanctions.  At the mediation, counsel for the parties discussed Plaintiff's intention to do so because the parties had *not* come to a "full release."

Indeed, on October 3, 2023, *after* the mediation, and *after* the parties had signed the limited liability release, Plaintiff filed a notice asking the Court to refer the discovery dispute to mediation.  (Doc. 88).  In relevant part, Plaintiff said:

***Because Plaintiff's case continues following the mediation*** with the third-party mediator, Plaintiff's counsel is now respectfully requesting that the Court refer the discovery dispute outlined in the May 19th Joint Discovery Statement and discussed with this Court during the June 14th status conference to a United States Magistrate Judge for mediation.

On October 4, 2023, in response to the filing, Ms. Jennifer Lee emailed Defendant's counsel and asked whether Defendant "oppose[d] Plaintiff's Motions Requesting that Court Refer Discovery Dispute to United States Magistrate Judge for Mediation."  (Ex. 1).   Defendant responded: "***No opposition***."  (*Id.*)  Even if Defendant's argument were correct under the limited liability release (it is not), Defendant waived it.

Additionally, Defendant's argument, if accepted, suggests that Defendant cannot be responsible for any discovery or litigation misconduct past, present, or future relating to the ongoing litigation.  That cannot be right; it would mean that the Federal Rules of Civil Procedure do not apply to Defendant's conduct in this pending case.  But that would violate Rule 1: "These rules govern the procedure in all civil actions and proceedings in the United States district courts[.]"

## II.   <u>Attorneys' Fees are Not a Sufficient Sanction for Defendant's Egregious Discovery Misconduct.</u>

Defendant argues that the only appropriate sanction is attorneys' fees, and that Plaintiff's requested sanctions are a "textbook example of an overreach." But Defendant's discovery behavior is a textbook example of discovery abuse, and the Federal Rules authorize and encourage appropriate sanctions in response.

4

Attorneys' fees are not sufficient to rectify Defendant's egregious misconduct and the resultant harm to Plaintiff.

### a. <u>Defendant Engaged in Egregious Discovery Misconduct that Prejudiced Plaintiff.</u>

Defendant's admitted failure to conduct a "reasonable inquiry" of its ESI and key hard-copy files for years, and until after fact discovery closed, is gross discovery negligence, and prejudiced Plaintiff.  For those reasons, sanctions are warranted.

Defendant attempts to minimize its discovery negligence by cabining it to Defendant's "initial production."  (Doc. 120 at 4.)  Defendant claims that it promptly "conducted an exhaustive search" after the "revelation" during the February 22nd deposition "that United Inn had not searched for potentially responsive documents."  (*Id.*)  This case's discovery history shows otherwise.[2]

As outlined in Plaintiff's opening brief, Defendant did not produce the 3,500 documents at issue until April 28th—*i.e.*, nearly 40 days after discovery closed and more than 60 days after Plaintiff learned during the February 22nd depositions that Defendant had not collected any ESI or documents from key

---

[2] Defendant's response brief not only incorrectly identifies the fact discovery deadline as March 31, 2023, but it also incorrectly points to an Exhibit C for relevant history about the discovery dispute in this case.  Pages 5-7 of Defendant's brief catalogue numerous events recorded in Exhibit C that did not occur in this case, but rather in the *J.G.* case, which Exhibit C concerns.

hard-copy files in response to Plaintiff's July 2022 requests. Notably, Plaintiff served supplemental requests on February 24th, (Doc. 114 at Ex. 8), requesting Defendant's relevant ESI and hard-copy files identified in the February 22nd depositions.  Defendant did not produce any of the overdue responsive documents before the March 10th discovery deadline.  Further, Defendant did not serve any responses whatsoever on March 27th—the deadline to respond to the February 24th supplemental requests.  In sum, Defendant was negligent *both* in its initial discovery responses *and* in its failure to supplement its responses in a timely fashion. Fed. R. Civ. P. 26(g)(1) (duty to make reasonable inquiry before serving discovery responses); 26(e) (continuing duty to supplement discovery responses); *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F.Supp.3d 839 at 960 (N.D.Ill. 2021) ("[S]upplements made after the close of fact discovery are by definition 'untimely.'").

Next, Defendant repeatedly contends that its failure to comply with discovery rules was "harmless" while ignoring the ways Plaintiff has been prejudiced, as detailed in Plaintiff's brief.  (Doc. 114 at 21-23.)  Indeed, Defendant does not respond to Plaintiff's position that she has been prejudiced because: she is unable to trust Defendant's inconsistent, contradictory discovery representations, she wasted

time and resources in discovery, she suffered investigative harm, and she will suffer evidentiary harm. (*Id.*).[3]

Rather than addressing the harms Plaintiff has suffered, Defendant makes a series of claims to support its harmlessness argument that are unfounded. *First*, Defendant contends that its discovery negligence was harmless because "the majority" of the late documents "pertain to facts that occurred after Plaintiff's trafficking concluded and, therefore, are not relevant." (Doc. 120 at 15.) Plaintiff is not exactly sure what that statement means and disputes it. Defendant provides no support for it. The rules of discovery are broader than the rules of evidence. Defendant is not allowed to limit its production to materials that it thinks would be "relevant" at a future trial. It is not hard to imagine at a document "pertain[ing] to facts that occurred after Plaintiff's trafficking concluded" leading to highly relevant facts in Plaintiff's case.

Just because documents post-date Plaintiff's trafficking does not mean they will not be relevant or admissible at Plaintiff's trial. For example, United Inn's owner denied all knowledge of commercial sex on the property, *see*, Doc. 127, Ex. 18 at 64:3-25, 120:19–121:2, 121:22-122:7. Therefore, evidence of commercial sex after Plaintiff's trafficking is relevant and admissible for impeachment of United

---

[3] As explained in Plaintiff's opening brief, harm is not a part of a Rule 26(g)(3) sanctions analysis, and Rule 37(c) does not require a showing of harm to trigger sanctions either.

Inn's owner under Fed. R. Evid. 607.  Further, evidence of United Inn's response to commercial sex at the hotel is admissible under Rule 404(b) to show absence of mistake and lack of accident, among other things, in Defendant's response to Plaintiff's trafficking.  United Inn's indifference to evidence of minor sex trafficking in hotel rooms after Plaintiff's trafficking is probative of United Inn's knowledge of and the foreseeability of sex trafficking the year of Plaintiff's trafficking.  *See, e.g., Suresh & Durga, Inc. v. Doe*, 894 S.E.2d 602, 605 (Ga. Ct. App. 2023) (evidence that staff laughed in response to evidence of trafficking, "like they see this all the time," was relevant to hotel's knowledge and foreseeability of earlier trafficking). Finally, evidence of commercial sex at United Inn is admissible under Rule 406 to show Defendant's pattern, custom, and routine.

*Second*, Defendant suggests its discovery neglect was harmless because Plaintiff received a "two-month unilateral discovery extension," which "remedied" any prejudice from the late production.  (Doc. 120 at 6, 8).  Because Defendant produced the documents due in August 2022 on April 28, 2023, Plaintiff had from April 28th – May 31st to conduct all necessary discovery into the 3,500 critical pages Defendant produced from its emails, text messages, sex trafficking training materials, staffing records, and more.  If Defendant had produced the late documents when they were due, then Plaintiff would have had roughly seven months to conduct discovery about them—from August 2022 – March 10, 2023. Instead, Plaintiff had

roughly five weeks. By comparison, Defendant had seven months with Plaintiff's timely produced documents in August 2022.  If anything, Plaintiff receiving only five weeks was an additional harm to Plaintiff.  Under the Rules, parties have the right to conduct discovery.

*Third*, Defendant suggests its discovery negligence was harmless both because it produced most of its employee list in a timely fashion and Plaintiff "elected not to depose" any of the late-identified employees, meaning "her knowledge of United Inn's former employees would not have affected her prosecution of this case in any way." (Doc. 120 at 13-14).  There are many problems with this line of argument.  To start, Defendant offers no explanation for why it produced a series of shifting, inconsistent lists of employees.  (Doc. 114, Ex. 22).  It tries to distract from the issue by saying that for one category of undisclosed employees, "none of them worked at the Property until after Plaintiff's alleged trafficking, and, therefore, would not have been able to provide any testimony relevant to Plaintiff's claims."  But as stated, the rules of discovery are broader than the rules of evidence, and Defendant cannot know in discovery, and does not get to decide, what may be "relevant" at trial.  Defendant also ignores that Plaintiff can conduct investigation and discovery in many ways while "elect[ing] not to depose" former employees, including through interviews, affidavits, document subpoenas, background checks, and much, much more.  In sum, Defendant over-simplifies the

litigation landscape by arguing that Plaintiff's election "not to depose" a shifting cast of characters produced by Defendant must mean they "would not have affected her prosecution of this case in any way."

For these reasons, Defendant's discovery neglect was egregious, and it harmed Plaintiff.

**b. Plaintiff's Requested Sanctions are Warranted are Rules 26(g)(3), 37(b)(2), 37(c)(1), and the Court's Inherent Powers.[4]**

The appropriate sanction for United's lack of diligence, inconsistent discovery responses, and untimely supplementation is not only an award of attorney's fees, which Defendant concedes is appropriate (Doc. 120 at 24), but also the preclusion of certain evidence or argument at trial as outlined in Plaintiff's initial Motion for Sanctions. (Doc. 114.)  Defendant's arguments that at most Plaintiff should be awarded attorneys' fees and that Plaintiff's requested sanctions are too "draconian" do not withstand scrutiny.

As to Plaintiff's requested sanctions regarding what staff reported about crime, what staff was trained on, and staff criminal histories, the point is that Plaintiff is not able to appropriately examine Defendant's contentions on those topics because Defendant has produced inconsistent, incomplete information about who worked at

---

[4] In the closing sections of this reply brief, Plaintiff responds to Defendant's arguments about Rule 37(b)(2) and the Court's inherent powers and explains why sanctions are appropriate under both.

the hotel.  Plaintiff cannot confront Defendant's claims about staff reports of crime, staff trainings, and staff criminal histories because Plaintiff does not know who Defendant's employees were, whether it has a complete list of people who worked at the hotel, and cannot find them.

Plaintiff does not dispute that Shareef and Islam testified in their depositions to what they claimed was in their "direct and personal knowledge."  But that does not mean that they were telling the truth, or remembering events accurately, or that Plaintiff must simply take their word for it.  Because Defendant has produced shifting, inconsistent lists of employees, Plaintiff has been hamstrung in her ability to investigate the allegations and challenge Defendant's claims about issues related to staff.[5]  Defendant's suggestion that Shareef's and Islam's testimonies are sufficient is a bit like saying it is good enough to hear one side of a telephone call, there is no need to talk to the person on the other end of the call.

If the Court is not inclined to grant the requested exclusion of the specific, enumerated testimony by Shareef and Islam, then a jury instruction is necessary to level the playing field.  Contrary to what Defendant suggests, Plaintiff is not asking for a jury instruction that Defendant "obstruct[ed] Plaintiff's investigation."  (Doc.

---

[5] Defendant again wrongly argues that the only way Plaintiff can investigate a case, or conduct discovery into a case, is by taking depositions.  That is wrong, and Plaintiff is not obligated to disclose to Defendant the ways she may choose to investigate the case separate and apart from taking a formal deposition of a witness.

120 at 19).  Rather, Plaintiff would request a jury instruction that conveys the facts (at least some of which Defendant does not dispute): Defendant produced conflicting and incomplete staff lists to Plaintiff during the litigation, which compromised Plaintiff's ability to identify who worked at the hotel and investigate Defendant's claims about staff crime reports, staff trainings, and vetting of staff, among other topics.

As to Plaintiff's requested sanctions concerning the late produced training document on sex trafficking, Defendant pays no attention to the fact that it repeatedly said in discovery that no such document existed and then produced one weeks after discovery closed.  As noted, Defendant's contradictory discovery responses are themselves a harm to the integrity of the discovery process and Plaintiff's ability to rely on Defendant's responses.  This Court's standing order is clear: "The Court does not allow evidence at trial which was requested and not revealed during the discovery period."  Doc. 6 at 17.  On that basis, the document should be excluded.  But even if that did not resolve the question, then Rule 37(c)(1) provides a separate basis for exclusion.

For these reasons, Plaintiff's requested sanctions are appropriate.

### III. Rule 37(b)(2) Applies because Defendant Disregarded the Court's Order that the Parties Provide or Permit Discovery by March 10, 2023.

Defendant's argument that it cannot be sanctioned under Rule 37(b)(2), because Defendant did not violate a Discovery Order, ignores the fact that Defendant violated this Court's December 5, 2022 order that the parties "provide or permit" discovery by March 10, 2023.  In its order, the Court explicitly stated: "Given this lengthy extension, future extensions are unlikely."  During the fact discovery period, Defendant produced approximately 585 pages, without searching its ESI or relevant hard-copy files.  More than 40 days after discovery closed, Defendant produced approximately 3,500 pages of the most important documents in the case until April 28, 2023 because of lack of diligence, as Defendant admits.  Therefore, Defendant violated the Court's order providing that the parties "provide or permit" discovery by March 10, 2023.[6]

---

[6] The Court's standing order emphasizes the importance the Court places on abiding by the Court's orders setting the discovery period—the time to "provide or permit" discovery.  For example, the standing order says: "The Court also will not compel responses to discovery requests that were not served in time for responses to be made before the discovery period ended.  The Court does not allow evidence at trial which was requested and not revealed during the discovery period."  (Doc. 6 at 17).

IV.    **The Court's Inherent Powers Apply Here Given the Egregious and Persistent Failures.**

Defendant argues the Court does not have authority to impose sanctions under its inherent powers because United Inn's discovery misconduct was "the result of a lack of diligence," "not the result of bad faith conduct."  But Defendant ignores the Eleventh Circuit's statement that: "If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212 (11th Cir. 1998).  The same logic fits here.  Defendant's failure to conduct basic searches of obvious sources of potentially responsive information is sufficiently egregious to equate to bad faith.

## CONCLUSION

For these reasons, this Court should grant Plaintiff's motion for sanctions and the relief requested therein.

Respectfully submitted this 23rd day of January, 2024.

> */s/ David H. Bouchard*
> Richard W. Hendrix
> rhendrix@finchmccranie.com
> Georgia Bar No. 346750
> David H. Bouchard
> david@finchmccranie.com
> Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303

14

(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on today's date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**Attorney for Defendant Northbrook Industries, Inc.,**
**d/b/a United Inn and Suites**
Adi Allushi
Cameron Mobley
Cecilia Walker
Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308

**Co-Counsel for Plaintiff**
Patrick J. McDonough
Jonathan S. Tonge
Anderson, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

Respectfully submitted this 23rd day of January, 2024.

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500

Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*