## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| G.W., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| vs. | : | |
| | : | **NO. 1:20-cv-05232-JPB** |
| NORTHBROOK INDUSTRIES, | : | |
| INC., D/B/A UNITED INN AND | : | |
| SUITES, | : | |
| | : | |
| United Inn. | : | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND REQUEST FOR ORAL ARGUMENT

The Court should grant Plaintiff's Motion for Reconsideration and Request for Oral Argument, (Doc. 151), which United Inn did not oppose, and allow a jury to decide the merits of Plaintiff's claims under the Trafficking Victims Protection and Reauthorization Act ("TVPRA") and Georgia negligence law.

Plaintiff asks that the Court follow the TVPRA's text and allow a jury to decide Plaintiff's TVPRA beneficiary claim against United Inn.  Plaintiff was sex trafficked as a minor at United Inn by traffickers convicted in federal court of trafficking Plaintiff at United Inn.  Plaintiff has shown that United Inn benefited from her trafficking *while* it knew or should have known that Plaintiff was being trafficked at the hotel.  The only binding Eleventh Circuit opinion on TVPRA

beneficiary claims establishes that such evidence is enough to establish a beneficiary claim. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021).

It is error to conflate Plaintiff's TVPRA beneficiary claim with a TVPRA perpetrator claim, which Plaintiff did not bring. Congress' 2008 amendment of the TVPRA establishes beneficiary liability as a separate category from perpetrator liability. If a plaintiff bringing a beneficiary claim against a hotel needs direct evidence that the hotel aided and abetted the plaintiff's trafficking (whether by acting as a "lookout," doing "more" than renting a room to the trafficker, or otherwise), then Congress' 2008 TVPRA amendment is rendered meaningless. If a hotel must aid and abet minor sex trafficking *to be a beneficiary* under the TVPRA, what is the difference between a beneficiary and a perpetrator? And what does "should have known" mean in the post-2008 statute if a plaintiff bringing a TVPRA beneficiary claim must present direct evidence that the hotel aided and abetted the plaintiff's trafficker in trafficking the plaintiff? Further, requiring direct evidence of a hotel aiding and abetting minor sex trafficking ignores the value of circumstantial evidence. Pattern Civ. Jury Instr. 11th Cir. 3.3 (2022) ("'Circumstantial evidence' is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence."). It cannot be that the difference between viable and non-viable TVPRA beneficiary claims is whether a minor sex trafficking victim

happened to directly witness her trafficker paying hotel staff to act as a "lookout." That mistakes beneficiary claims for perpetrator claims and ignores the import of circumstantial evidence.

Additionally, Plaintiff asks that the Court reconsider its negligence ruling. Georgia law does not preclude a minor who is sex trafficked for days at a hotel in this state from suing the hotel for negligently (at the very least) causing her injuries. If Plaintiff had been robbed and shot in the parking lot after purchasing goods at United Inn, she could have sued the hotel for causing her injuries through negligently securing the property in the face of reasonably foreseeable risks. Likewise, had Plaintiff tripped over a pothole in the parking lot, fallen through a broken stair while following a hotel employee who was headed to unlock her room, or slipped on a spilled drink in the front office while buying condoms, she could have sued the hotel for negligently causing her injuries. The result should not be different simply because the source of her injury was sex trafficking that the hotel knew or should have known about.

## CONCLUSION

For these reasons, Plaintiff's Motion for Reconsideration and for Oral Argument should be granted. The Court previously scheduled oral argument on August 6, 2024, regarding Plaintiff's pending Motion for Sanctions. If the Court is

inclined to grant oral argument on Plaintiff's Motion for Reconsideration, then Plaintiff requests that it occur on August 6, 2024, as well.

This 30th day of July, 2024.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

/s/ Rory A. Weeks
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Rory A. Weeks
rweeks@atclawfirm.com
Georgia Bar No. 113491

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

4

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing pleading has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 30th day of July, 2024.

/s/ David H. Bouchard
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*