UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

G.W.,

       Plaintiff,

   v.

NORTHBROOK INDUSTRIES, INC.,
D/B/A UNITED INN AND SUITES,

       Defendant.

CIVIL ACTION NO.
1:20-CV-05232-JPB

## **ORDER**

This matter is before the Court on G.W.'s ("Plaintiff") Motion for Sanctions [Doc. 114] and Motion for Reconsideration [Doc. 151]. This Court finds as follows:

## **RELEVANT PROCEDURAL HISTORY**

Plaintiff asserts that in June and July 2017, when she was a minor, she and another child were sex trafficked at the United Inn, a hotel owned, operated, maintained, controlled and managed by Northbrook Industries, Inc. ("Defendant"). Plaintiff filed suit against Defendant on December 28, 2020, alleging the following causes of action: (1) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"); and (2) common law negligence. [Doc. 1].

On December 12, 2023, Plaintiff filed a Motion for Sanctions. [Doc. 114]. In the motion, Plaintiff argued that Defendant must be sanctioned because it failed to make a "reasonable inquiry" before responding to discovery requests. Id. at 4. Plaintiff also asserted that Defendant failed to timely supplement its discovery. Id. at 23. As a result, Plaintiff specifically asks the Court to impose an award of attorneys' fees and the following non-monetary sanctions: (1) an order precluding Defendant from introducing evidence at trial about staff reports of crime, staff trainings and vetting of staff or, alternatively, a jury instruction on how Defendant's conflicting and partial staff records compromised Plaintiff's ability to examine Defendant's claims against staff reports of crime, staff training and vetting of staff; (2) an order prohibiting Defendant from introducing evidence or argument at trial that it had a sex trafficking training document available to staff during the relevant period; and (3) an order preventing Defendant from introducing affirmative evidence and witnesses at trial that it failed to produce or failed to produce in a timely manner. Id. at 27–28.

On December 21, 2023, Defendant moved for summary judgment. [Doc. 116]. While the Court recognizes that Plaintiff's Motion for Sanctions was filed first, neither party indicated in their briefing that the Motion for Sanctions should

2

be decided before the Motion for Summary Judgment.[1]  Indeed, it appeared that the motions were completely independent of each other.

On June 14, 2024, the Court granted the Motion for Summary Judgment and deferred the ruling on the Motion for Sanctions pending a hearing.  [Doc. 148].  On July 12, 2024, Plaintiff filed a Motion for Reconsideration.  [Doc. 151].  Plaintiff argued that the Court erred in granting Defendant's Motion for Summary Judgment.  She further asserted that she was critically hamstrung in her ability to develop the evidence because of Defendant's discovery misconduct.[2]

Currently pending before the Court are two motions:  (1) Plaintiff's Motion for Sanctions; and (2) Plaintiff's Motion for Reconsideration.  Both motions have been fully briefed.  Moreover, the Court heard oral argument.  The motions are now ripe for review.  The Court will first address Plaintiff's Motion for Reconsideration.

---

[1] Plaintiff seemed to argue at oral argument that the Court erred by not handling the Motion for Sanctions before the Motion for Summary Judgment.  Even if the Court would have handled the Motion for Sanctions first, it would not have changed the outcome of the summary judgment order because Plaintiff's Motion for Sanctions only requested trial sanctions.

[2] Notably, Plaintiff made this argument only after the Court granted summary judgment in favor of Defendant.

## I.    MOTION FOR RECONSIDERATION

Plaintiff asks this Court to reconsider its order granting summary judgment in favor of Defendant.  Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."  Reconsideration is limited to the following situations:  (1) "an intervening change in controlling law;" (2) "the availability of new evidence;" or (3) "the need to correct clear error or prevent manifest injustice."  Pepper v. Covington Specialty Ins. Co., No. 1:16-CV-693, 2017 WL 3499871, at *1 (N.D. Ga. Aug. 3, 2017).  A party "'may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.'"  Id. (quoting Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

The Court granted Defendant's Motion for Summary Judgment in its entirety.  As to Plaintiff's TVPRA claim, the Court found that Defendant was entitled to summary judgment because Plaintiff failed to present sufficient evidence that Defendant "participated in a common venture with Plaintiff's traffickers."  [Doc. 148, p. 13].  As to Plaintiff's negligence claim, the Court determined that Defendant was entitled to summary judgment because Plaintiff

was not an invitee.  Id. at 22.  Plaintiff asks the Court to reconsider its ruling as to

both claims.  The Court will first address Plaintiff's arguments pursuant to the

TVPRA.

### A. TVPRA

To succeed on a TVPRA claim, a plaintiff must show, among other things,

that the defendant participated in a venture which that person knew or should have

known has engaged in an act in violation of the TVPRA.  18 U.S.C. § 1595.  The

Eleventh Circuit Court of Appeals has defined the phrase "participation in a

venture" as taking part "in a common undertaking or enterprise involving risk and

potential profit."  Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 725 (11th Cir.

2021).  At the summary judgment stage and after careful consideration, the Court

determined that Plaintiff failed to sufficiently establish this element because

Defendant's "observation of prostitution and sex trafficking at its property is not

the same as [Defendant] participating in it."  [Doc. 148, p. 13].

Plaintiff asserts that the Court's conclusion was erroneous.  First, Plaintiff

argues that she presented sufficient evidence to show that Defendant participated in

the venture.  Second, Plaintiff contends the Court's order "conflates civil-

perpetrator and civil-beneficiary claims."  [Doc. 151, p. 7].

As to Plaintiff's first argument—that she presented sufficient evidence to show that Defendant participated in the venture—the Court disagrees. Plaintiff asserts that the following evidence is sufficient to meet the participation prong: (1) hiring staff without doing background checks; (2) failing to post required anti-trafficking notices; (3) refusing to obtain more security despite the DeKalb County Police Department's recommendation; and (4) ignoring loitering in the common areas.[3] This evidence, however, still falls short of showing that Defendant took steps with Plaintiff's traffickers to facilitate the traffickers' illicit activities. Without more, the Court is not persuaded that Plaintiff sufficiently established that Defendant entered into a common undertaking with Plaintiff's trafficker. As such, to the extent that Plaintiff argues that she is entitled to reconsideration because she submitted sufficient evidence, the motion is **DENIED**.

---

[3] Plaintiff additionally references testimony from her deposition where she testified that she believed that Defendant's employees acted as "lookouts" for her trafficker because her trafficker was familiar with the United Inn. This evidence, which is purely speculative, was not presented in Plaintiff's response brief to Defendant's Motion for Summary Judgment. Plaintiff asserted that she did not present this evidence because she did not believe that establishing "lookout" evidence was necessary. [Doc. 151, pp. 6–7 n.2]. There is no reason that this evidence should not have been presented earlier, especially since Defendant argued that Plaintiff did not have any evidence that Defendant participated in a venture. The evidence is thus not properly before the Court.

In her second argument, Plaintiff contends that the Court's order "conflates" civil-perpetrator and civil-beneficiary liability by misapplying Doe #1; misunderstanding the relevance of Ricchio v. McLean, 853 F.3d 553 (1st Cir. 2017); and erring in treating K.H. v. Riti, Inc., No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024), as persuasive authority. The Court disagrees.

Plaintiff asserts that the Court misapplied Doe #1 because the plaintiff in that case pled a sex trafficking venture. Plaintiff further contends that this Court misunderstood the significance of Ricchio and that the Eleventh Circuit only relied on it in Doe #1 because a sex trafficking venture was at issue. Essentially, Plaintiff argues that because she did not plead a sex trafficking venture, the Court's application of both Doe #1 and Ricchio was erroneous. The Court did not misconstrue Doe #1 or misunderstand the relevance of Ricchio. In any event, the Court is not persuaded that Plaintiff did not plead a sex trafficking venture. In her Complaint, Plaintiff alleged that: (1) "Plaintiff has suffered substantial physical, emotional, and psychological harm and other damages as a direct and proximate result of [Defendant's] participation in this *sex trafficking venture*"; (2) Defendant "chose to profit from the *sex trafficking ventures* in which it participated"; (3) Defendant "turned a blind eye to safety and security issues at [the United Inn] when revenue was satisfactory, even when [Defendant] knew or should have

known part of the profits were derived from *sex trafficking ventures* victimizing

Plaintiff and other minors"; and (4) Defendant "participated in a *sex trafficking*

*venture* by providing to Plaintiff's traffickers the necessary venue for Plaintiff's

minor sex trafficking." [Doc. 1, pp. 6, 16, 35–36] (emphasis supplied). Thus, to

the extent that Plaintiff argues that she is entitled to reconsideration because of the

Court's application of Doe #1 and Ricchio, the motion is **DENIED**.

The Court also did not err in relying on Riti, which Plaintiff asserts was

wrongly decided by the Eleventh Circuit. Eleventh Circuit Rule 36-2 provides that

unpublished opinions are not considered binding precedent but may be cited as

persuasive authority. Indeed, unpublished opinions are "persuasive only insofar as

their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d

1340, 1345 n.7 (11th Cir. 2007). The Court relied on Riti as persuasive authority

given its similarities to the instant case. To the extent that Plaintiff argues that the

Court erred by relying on Riti as persuasive authority, the motion is **DENIED.**

In her reply brief, Plaintiff made one additional argument.[4] Plaintiff asserted

that Defendant's "discovery abuses . . . undermined [her] ability to investigate and

develop evidence that [Defendant] aided and abetted Plaintiff's trafficking." [Doc.

---

[4] "Arguments raised for the first time in a reply brief are not properly before" the Court. Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005).

160, p. 9].  Consequently, Plaintiff requested, for the first time, that the Court

"should draw the adverse inference at the summary judgment stage that

[Defendant's] partial, late, and inconsistent discovery responses regarding the

people who worked [at the United Inn] means that the workers would have

supported Plaintiff's position that [Defendant] aided and abetted Plaintiff's

trafficking."  Id. at 10.

This Court recognizes that the Eleventh Circuit had not yet decided Riti

when Defendant filed its Motion for Summary Judgment.  However, the Eleventh

Circuit decided Riti on February 9, 2024.  Instead of immediately asking the Court

for an adverse inference at the summary judgment stage, Plaintiff waited until after

the Court granted Defendant's Motion for Summary Judgment.  In total, Plaintiff

did not seek relief until five months after Riti was decided.  Moreover, Plaintiff did

not raise the issue in her initial brief seeking reconsideration.  In the Court's view,

Plaintiff's request is something that should have been raised earlier—if not with

the summary judgment briefing, then sometime soon after Riti was decided.

Ultimately, Plaintiff took a risk as to how the Court would interpret Riti, and now

seeks an impermissible second bite at the apple.  To the extent that Plaintiff

petitions for reconsideration on this basis, the request is **DENIED**.

B. **Negligence**

In the summary judgment order, the Court determined that Defendant was entitled to summary judgment as to Plaintiff's negligence claim because Plaintiff was not an invitee at the United Inn. Plaintiff asserts that reconsideration is warranted for the following reasons: (1) a jury question exists as to whether Plaintiff was an invitee because Defendant's employees walked Plaintiff to her room when she was locked out and Plaintiff purchased items at the store in the lobby; (2) the Court's "any lawful purpose" analysis was wrong; and (3) even if Plaintiff were a licensee, Defendant owed her a duty of ordinary care against foreseeable dangers.

A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). Plaintiff's first two arguments stated above are a rehash of old arguments already made and rejected by this Court. Indeed, in her Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff argued that she was an invitee because she frequented the store at the lobby [Doc. 127, pp. 24–25]. Also, Plaintiff argued at length that she was staying at the United Inn for a lawful purpose. Importantly, in her Motion for Reconsideration, Plaintiff did not

raise any new arguments to supplement those previously asserted.  Because

Plaintiff simply asks the Court to change its mind as to her status as an invitee and

as to the lawful purpose analysis, the motion is **DENIED**.

In Plaintiff's final argument, she contends that even if she were a licensee as

this Court previously found, Defendant owed her a duty of ordinary care against

foreseeable damages.  Plaintiff never raised this argument in her response, and this

is precisely the type of new argument or evidence that should have been raised

earlier.  At this late stage of the case, the Court is not willing to consider arguments

raised for the first time.  Indeed, motions for reconsideration may not be used "to

offer new legal theories or evidence that could have been presented in connection

with the previously filed motion or response, unless a reason is given for failing to

raise the issue at an earlier stage in the litigation."  Adler v. Wallace Comput.

Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Plaintiff has given no reason

for failing to timely raise this argument, and therefore to the extent that Plaintiff

asserts that she is entitled to reconsideration on this basis, the motion is **DENIED**.[5]

---

[5] The Court notes that nowhere in the Complaint does Plaintiff call herself a licensee.
Plaintiff instead uses the word "invitee" fifteen times and alleges that Defendant "failed
to protect invitees, including Plaintiff, from the risks of minor sex trafficking and other
violent crimes."  [Doc. 1, p. 44].  For this additional reason, the Court thus declines to
consider Plaintiff's new argument that she is a licensee.

## II.    MOTION FOR SANCTIONS

Plaintiff's Motion for Sanctions is also pending before the Court.  In the motion, Plaintiff asserts that sanctions are appropriate under Federal Rules of Civil Procedure 26(g)(3), 37(b)(2) and (37)(c)(1).  She also asserts that sanctions are warranted under the Court's inherent power.  Rule 26(g)(3) provides that the Court must "impose an appropriate sanction" on a party or its counsel where the Court finds that a party improperly certified its discovery disclosures.[6]  Fed. R. Civ. P. 26(g)(3).  Rule 37(b)(2) authorizes sanctions for not obeying a discovery order.  Fed. R. Civ. P. 37(b)(2).  And last, Rule 37(c)(1) states that the Court, in its discretion, may "impose appropriate sanctions" on parties that fail to provide required disclosures or supplement disclosures in a timely manner upon learning that its disclosure was incomplete or incorrect in some material respect.  Fed. R. Civ. P. 37(c)(1).  In the analysis that follows, the Court will first decide whether Defendant violated any of the above rules before turning to what, if any, sanction is appropriate.

On July 7, 2022, Plaintiff served Defendant with written discovery requests seeking documents and communications regarding commercial sex, Plaintiff and

---

[6] By signing discovery responses, the attorney certifies that the response is correct and complete to the best of the person's knowledge, information and belief formed "after a reasonable inquiry."  Fed. R. Civ. P. 26(g)(1).

other minor victims, security and crime at the hotel, staff training and names of

staff.  [Doc. 114, p. 6].  On August 17, 2022, Defendant responded to the discovery

request and produced only 511 pages of documents.  Id.

On February 22, 2023, Plaintiff deposed Defendant's 30(b)(6)

representative.  Id. at 8.  At the deposition, Plaintiff learned that certain sources of

electronically stored information ("ESI") and other documents had not been

searched before the August 2022 document production.  Id.  Indeed, Defendant had

failed to search its "computer, emails, text messages, sex trafficking file, staff files

and communications with law enforcement about commercial sex at the hotel."  Id.

After learning of Defendant's deficient disclosure, Plaintiff served

Defendant with supplemental discovery requests on February 24, 2023.  Id. at 9.

Although Plaintiff asked Defendant for the discovery multiple times, Defendant

did not respond to the supplemental discovery requests within the thirty days as

required by the Federal Rules of Civil Procedure.  Id.  In late March 2023, the

parties agreed that Defendant would make a supplemental production by April 14,

2023.  Id. at 10.

Defendant did not make a supplemental production by the April deadline.

Id.  Instead, on April 18, 2023, Defendant produced eighty-seven pages of

documents.  Id. at 11.  Then, on April 20, 2023—more than forty days after the

close of discovery—Defendant produced approximately 3,500 pages of documents. Id. at 12. According to Plaintiff, the production included numerous crucial or "hot" documents that should have been produced in response to Plaintiff's first discovery request. Id. at 24. Notably, because of this late disclosure, the Court extended discovery.

The Court finds that sanctions under Rule 26(g) and Rule 37(c)(1) are appropriate here.[7] More particularly, sanctions are appropriate pursuant to Rule 26(g) because Defendant failed to conduct a reasonable inquiry when it responded to Plaintiff's initial discovery request without searching its computer, emails, text messages, sex trafficking file, staff files or communication with law enforcement about commercial sex at the hotel.[8] Sanctions are also appropriate under Rule 37(c)(1) because Defendant failed to timely supplement its discovery responses.

Having found that sanctions are warranted against Defendant under Rule 26(g) and Rule 37(c)(1), the Court must now determine what sanctions are most appropriate in this matter. Here, Plaintiff requests that the Court order Defendant

---

[7] Sanctions are not appropriate under Rule 37(b)(2) because Defendant did not violate a court order—like an order compelling discovery—when it failed to provide discovery.

[8] Defendant admits that its discovery was deficient. [Doc. 120, p. 1] ("[Defendant] readily acknowledges that its initial discovery responses and production were deficient.").

to pay attorneys' fees.  Plaintiff also requests the following non-monetary

sanctions:  (1) an order precluding Defendant from introducing evidence at trial

about staff reports of crime, staff trainings and vetting of staff or, alternatively, a

jury instruction on how Defendant's conflicting and partial staff records

compromised Plaintiff's ability to examine Defendant's claims against staff reports

of crime, staff training and vetting of staff; (2) an order prohibiting Defendant from

introducing evidence or argument at trial that it had a sex trafficking training

document available to staff during the relevant period; and (3) an order preventing

Defendant from introducing affirmative evidence and witnesses at trial that it failed

to produce or failed to produce in a timely manner.  The Court begins by

addressing the request for fees.

   In this case, Plaintiff seeks an award of $24,375 in attorneys' fees for 37.5

hours of work at an hourly rate of $650.  Plaintiff also requests $1,025.16 in

expenses.  A party seeking an award of attorney's fees bears the burden of

documenting the appropriate hours and hourly rate.  Coastal Fuels Mktg., Inc. v.

Fla. Exp. Shipping Co., 207 F.3d 1247, 1252 (11th Cir. 2000).  Courts in the

Eleventh Circuit employ the federal "lodestar" approach to set reasonable fee

awards.  See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  Under the

lodestar approach, courts properly calculate an initial estimate of reasonable

attorney's fees "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984) (citation omitted).

After reviewing the exhibits submitted in support of Plaintiff's Motion for Sanctions, the Court finds that Plaintiff's request for fees is reasonable. Indeed, Defendant does not dispute the reasonableness of the hourly rate or the hours expended.[9] The Court therefore awards Plaintiff $24,375 in attorneys' fees. The Court further awards Plaintiff $1,025.16 in expenses because the claimed expenses (court reporter and videographer fee for the reopened deposition) are reasonable. The total award is thus $25,400.16.[10] To the extent that Plaintiff seeks an award of attorneys' fees, the motion is **GRANTED**.

---

[9] At oral argument, Defendant only took issue with a single line item on Plaintiff's fee request. The line item related to preparation for the depositions. After discussion, however, Defendant agreed that the time spent preparing for the depositions was reasonable.

[10] The parties dispute whether the claim for attorneys' fees has been released pursuant to a settlement agreement. The settlement agreement contained a limited liability release which stated that "Claimants separately, except to the extent insurance coverage other than the Primary Insurers and/or the Primary Policies is available which covers the claim or claims brought by Claimants against [Defendant], fully and forever release . . . [Defendant] from any and all claims that Claimants had, now have, or hereafter may have, that are based upon, arise out of, or in any way involve any of the Underlying Allegations or Lawsuits." [Doc. 120-1, p. 6]. The settlement agreement also stated that all parties "agree that all future recovery for the Lawsuits not addressed herein will be limited to the insurance proceeds available under the Excess Policies, and that Claimants fully release [the insurance providers] for all liability related to the Lawsuits." Id. This

Plaintiff also requested non-monetary trial sanctions.  In light of the denial

of Plaintiff's Motion for Reconsideration, Plaintiff's request for non-monetary

sanctions is **DENIED** as moot.  Even if this case proceeded to trial, the requested

non-monetary sanctions are disproportionate here because Plaintiff was afforded

additional discovery to fully investigate the delayed discovery responses, thus

mitigating, at least to some extent, the harm suffered as a result of the discovery

violations.  See J.G. v. Northbrook Indus., Inc., No. 1:20-CV-05233, 2024 WL

4513034, at *18 (declining to award additional sanctions in an identical discovery

dispute).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration [Doc.

151] is **DENIED**.  Plaintiff's Motion for Sanctions [Doc. 114] is **GRANTED IN**

**PART** and **DENIED IN PART**.  The motion is granted as to Plaintiff's request for

fees and expenses but denied as to Plaintiff's request for non-monetary sanctions.

**IT IS HEREBY ORDERED** that Plaintiff is awarded $25,400.16, which sum

---

release language is broad, and therefore the Court finds that Defendant is liable for
anything and everything covered by the excess policy.

shall be paid within thirty days of this order if the award is covered under the

excess policy.

      **SO ORDERED** this 13th day of February, 2025.

_____
**J. P. BOULEE**
United States District Judge